L. J. (El J.) WARE, Appellant,

v.

TEXBORO CABINET CORPORATION, Appellee.

No. 7338.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 26, 1961.

Rehearing Denied Oct. 17, 1961.

J. Carroll McConnell, Fort Worth, for appellant.

Ungerman, Hill, Ungerman & Angrist, Dallas, for appellee.

FANNING, Justice.

Texboro Cabinet Corporation, as plaintiff, in the County Court at Law, No. 1, of Dallas County, Texas, sued L. J. Ware, as defendant, upon a sworn account in the amount of $408 and also sued for a reasonable attorney's fee. Defendant's plea of privilege was stricken on motion of plaintiff and summary judgment for the amount of the account ($408) and an attorney fee of $175, aggregating the sum of $583, was rendered by the trial court in favor of plaintiff against defendant. Defendant has appealed.

Appellant contends, among other things, that the trial court erred in not sustaining his plea of privilege and erred in rendering a summary judgment against him. Appellee counters contending that the plea of privilege was waived and that the trial court did not err in striking the plea on motion of appellee, and further contends that the trial court correctly rendered the summary judgment.

The suit was filed July 6, 1960, and defendant L. J. Ware was duly served with citation on August 6, 1960. On August 15, 1960, defendant L. J. Ware, through his attorney of record, filed in the cause an instrument denominated "Defendant's Original Answer", which, (omitting caption and attorney's signature) reads as follows:

"Now Comes L. J. Ware, the Defendant, in the above numbered and entitled cause and specially excepts to Plaintiff's Petition in said cause, and says same is insufficient and that same should be dismissed and will be necessary to file a Plea of Privilege.

For Further Answer the Defendant denies each and all of the allegations in said Petition."

On August 31, 1960, plaintiff filed a motion for summary judgment which the trial court set for hearing for September 16, 1960. On September 16, 1960, defendant, stating that his name was E. J. Ware, filed a plea of privilege in statutory form to be sued in Palo Pinto County, Texas, the county of his residence. (The plea was not controverted by plaintiff but plaintiff instead later filed a motion to strike the plea of privilege). Also on September 16, 1960, defendant, stating that his name was El J. Ware, filed another answer, insisting on his plea of privilege, denying the account and contending that he was entitled to at least a $250 offset for a drill. While this answer was sworn to it appears to us that the averments in the main are couched in rather general terms and constitute in some instances conclusions of the pleader. For

a fuller description of this pleading we respectfully refer to the transcript. Also on Sept. 30, 1960, defendant filed a motion that his plea of privilege be sustained.

On October 4, 1960, plaintiff filed a request for admissions under Rule 169, Texas Rules of Civil Procedure, which was properly and timely served upon the attorney of record for defendant. This request for admissions was not answered by defendant within the time provided by Rule 169, T.R.C.P.

On October 28, 1960 plaintiff filed an affidavit in support of its motion for summary judgment, which affidavit avers to the effect that the $408 account was just, correct, due and owing by defendant to plaintiff and that "said account is not entitled to any offsets, credits or allowances". Defendant did not respond to this affidavit by filing any counter-affidavit or affidavits denying said affidavit filed by plaintiff. Nor did defendant answer the request for admissions, the truth of which (if admitted) would amply make out a case for plaintiff against defendant. Defendant did not file any depositions or come forward with any character of evidentiary matter to support his pleadings in defense and in his claim for an offset to the account.

On October 31, 1960, the trial court granted plaintiff's motion to strike the plea of privilege, granted plaintiff's motion to deem the requests for admissions as admitted, granted plaintiff's motion for summary judgment for the $408 account and allowed the sum of $175 as a reasonable attorney's fee, and rendered judgment in favor of plaintiff and against defendant in the total sum of $583 and court costs with the judgment bearing 6% interest from date of judgment.

■ We hold that defendant by filing his above quoted original answer of August 15, 1960 waived his plea of privilege thereafter filed on September 16, 1960 and that the trial court did not err in striking the plea of privilege. In this connection see the following authorities: Rules 84 and 85, T.R.C.P.; Foster v. H. O. Wooten Grocer Company, Tex.Civ.App., 273 S.W. 2d 461; Collins v. Land, Tex.Civ.App., 213 S.W.2d 265; Kline v. Weaver, Tex.Civ. App., 348 S.W.2d 379; Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119. See also Texas Digest Complete, Vol. 37A, Venue 17.

■ We also hold that the trial court correctly sustained the motion of plaintiff for summary judgment on the account. Plaintiff's request for admissions (which made out a case if admitted) were not answered or denied and plaintiff's affidavit filed in connection with the motion for summary judgment (which also made out a case for plaintiff if not denied) was not denied or countered by any affidavit from defendant, or by any deposition. Nor was any other evidentiary matter brought forward by defendant in the hearing on the motion for summary judgment. See the following authorities: Kilsby v. Aero-Test Equipment Co., Tex.Civ.App., 301 S.W.2d 703 err. ref. N.R.E.; Pure Oil Co. v. Fowler, Tex.Civ.App., 302 S.W.2d 461, wr. ref, N.R.E.; Sparkman v. McWhirter, Tex.Civ. App., 263 S.W.2d 832, wr. ref.; Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492; Kuper v. Schmidt, Tex., 338 S.W.2d 948; LeMond & Kreager, The Scope of Pleading in Summary Judgment, 30 Tex.Law Review, pp. 613–622. Also in this connection see McDonald, Texas Civil Practice, Vol. 4, Cumulative Supplement, p. 43, wherein it is stated:

"* * * Where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the opponent should be required to come forward with more than a mere pleading denial, even a sworn one, in order to overcome the force of the motion. * * *"

Appellant's other points and contentions have been carefully considered, are deemed as not presenting error under the record in this case and are overruled.

The judgment of the trial court is affirmed.