**Mrs. Orama CROSBY, d/b/a Crosby Party Boat, Appellant,**

v.

**HELDT BROS. TRUCKS, Appellee.**

**No. 14403.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 15, 1965.

Evans & Gillies, H. Wayne Gillies, Angleton, for appellant.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellee.

BARROW, Justice.

This is an appeal from an order overruling appellant's plea of privilege in appellee's suit to recover on a sworn account. The trial court held that Mrs. Orama Crosby, hereinafter sometimes referred to as defendant, had waived her plea of privilege.

On December 3, 1964, plaintiff, Heldt Bros. Trucks, filed this suit in Jim Wells County complaining of Crosby Party Boat. On January 14, 1965, defendant filed a plea in abatement seeking to have the suit dismissed. On the same day the trial court heard defendant's application for a hearing on her plea in abatement and entered an order setting it for January 29, 1965. On January 15, 1965, defendant filed a plea of privilege subject to her plea in abatement, seeking to have the venue transferred to Brazoria County where she resided. Included in this instrument, but subject to her plea in abatement and plea of privilege, defendant made a sworn answer to plaintiff's petition. The plea of privilege was served on plaintiff's attorney by certified mail, return receipt requested. Plaintiff did not file a controverting affidavit.

On January 29, 1965, the case came on for hearing pursuant to the order of the trial court. At this time the defendant sought to waive her plea in abatement and to have the court enter an order sustaining her plea of privilege because of plaintiff's failure to timely controvert same. Defendant's attorney stated in part: "Your Honor, at this time I would like to waive the Defendant's Plea in Abatement and submit an Order to you, sir, on my Plea of Privilege. Since I filed the Plea in Abatement I found out that my client who had not—had filed an Assumed Name Certificate, thereby making our Plea in Abatement moot, a moot question for any interest to the Court." Defendant did not request leave to withdraw her plea in abatement and it was not withdrawn. The trial court found that defendant had waived her plea of privilege and overruled same. We affirm.

■ The matter of venue is a personal privilege and a party to a lawsuit may expressly or impliedly waive rights conferred upon him by a venue statute. O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791; Mooney Aircraft, Inc. v. Adams, Tex.Civ.App., 377 S.W.2d 123, no wr. hist.

■ It is seen that under the liberal pleading practice authorized by Rule 84, Texas Rules of Civil Procedure, a plea of privilege is still required to be filed in due order, that is, prior to any plea other than that of a special appearance under Rule 120a, T.R.C.P. Venue may be waived by failure to comply with this due order of pleading. Holt v. Farmer, Tex.Com.App., 56 S.W.2d 633; National Bankers Life Ins. Co. v. Adler, Tex.Civ.App., 324 S.W.2d 35, no wr. hist.; Foster v. H. O. Wooten Grocer Co., Tex.Civ.App., 273 S.W.2d 461, no wr. hist.

■ Any action upon the part of a defendant which invokes the general jurisdiction of the court before filing his plea of privilege, other than certain preliminary motions not here involved, or unless the right to file his plea of privilege is reserved, constitutes an appearance and therefore a waiver of his venue rights. McDonald, Texas Civil Practice, Sec. 4.40; Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119; Houston Pipeline Co. v. Ybanez, Tex.Civ. App., 368 S.W.2d 140, no wr. hist.; Dossey v. Oehler, Tex.Civ.App., 359 S.W.2d 264, wr. ref. n. r. e.; Ware v. Texboro Cabinet Corp., Tex.Civ.App., 350 S.W.2d 47, wr.

dism.; Chapa v. Cox, Tex.Civ.App., 271 S.W.2d 486, no wr. hist.; Reed v. Garlington, Tex.Civ.App., 233 S.W.2d 185, no wr. hist.

■ On January 14, appellant filed only her plea in abatement seeking to have the suit dismissed. Under the rule established by the above authorities, she thereby entered her appearance and submitted to the jurisdiction of the court. This pleading was never withdrawn. Cf. Beier v. Sandgarten, Tex.Civ.App., 99 S.W.2d 1004, no wr. hist. It is further seen that defendant presented this plea to the court and obtained an order for a hearing.

■ Appellant urges that since the plea in abatement was never heard by the trial court, her action in filing same did not amount to a waiver of her venue rights. In support of this position she cites O'Neal v. Texas Bank & Trust Co., supra, and Mooney Aircraft, Inc. v. Adams, supra.[1] These cases are distinguishable from this case in that in each of the cited cases a plea of privilege was filed prior to the filing of the plea in abatement or motion to consolidate. Also distinguishable are those cases wherein the plea of privilege was filed contemporaneously with the defendant's answer or other plea. See Martin v. Kieschnick, Tex.Com.App., 231 S.W. 330.

The trial court correctly held that appellant had waived her plea of privilege filed on January 15, 1965, by her prior actions. The judgment is affirmed.

---

1. The following was said in O'Neal and quoted with approval in Mooney:
"We do not hold that mere filing of a plea in abatement (of the kind shown here), even though the question as to privilege of venue be not expressly saved in the plea amounts to a waiver; what we do hold is that, if such a plea with its issues be actually submitted for determination before action on the plea to venue, there is submission to jurisdiction of the court with consequent waiver of the latter plea."