**O. G. DYER, Appellant,**

v.

**METALLIC BUILDING COMPANY,**
**Appellee.**

**No. 4072.**

Court of Civil Appeals of Texas.

Eastland.

June 10, 1966.

Beard & Kultgen, D. B. Kultgen, J. Robert Sheehy, Waco, for appellant.

James C. Boone, Houston, Baker, Botts, Shepherd & Coates, Robert A. Hall, Houston, for appellee.

COLLINGS, Justice.

This is a plea of privilege case. Metallic Building Company, hereinafter referred to as Metallic, brought suit against O. G. Dyer, James Fendley, Langston Building Company and R. E. Langston on a promissory note. O. G. Dyer filed a plea of privilege to be sued in McLennan County, the alleged place of his residence. Metallic controverted contending that the note was payable in Harris County where the suit was filed and that venue was laid in Harris County under the provisions of subdivision 5 of Article 1995, Vernon's Ann.Tex.Civ. St. Metallic further urged that in any event Dyer had waived his plea of privilege. The court overruled the plea of privilege. Dyer has appealed.

Appellant, O. G. Dyer, presents points contending that the court erred in

overruling his plea of privilege because (1) the note was not payable in Harris County and (2) there was no waiver of his right to be sued in the county of his residence. The provision of the note concerning appellant's promise to pay is as follows: "—Promise to pay to the order of Metallic Building Company, a Texas corporation, with offices at 4601 Holmes Road in Houston, Texas—". In our opinion appellant's contention that the note is not payable in Harris County and, therefore, does not come within the provisions of subdivision 5 of the venue statute, is well taken. Appellant's promise, as shown by the above quotation from the note is, in effect, to pay to the order of Metallic Building Company, which has offices in Houston. The note does not provide that payment is to be made at the offices of appellant in Houston. It only indicates that Metallic's office is in Houston but does not show a promise to pay at that place, or at any designated place in Houston or Harris County.

 We next consider the question of whether appellant has waived his right to assert his plea of privilege. Pleas of privilege to be filed in due order of pleadings must precede a general answer, pleas in abatement and exceptions. Rule 84, Texas Rules of Civil Procedure. Hearn v. Frazier, 228 S.W.2d 582, (Tex.Civ.App. 1950). The record shows that Metallic's original petition was filed on April 23, 1963. On May 18, 1963, Dyer filed an original answer and a plea in abatement. The plea in abatement asserted the pendency of a lawsuit in another Texas county between the same parties involving the same claim, and prayed that "this case be abated pending the disposition" of such other suit. Dyer's plea of privilege was not filed until more than two years later, on November 1, 1965. It is a well settled general rule that a plea of privilege is waived if not filed seasonably and in due order of the pleading. O'Neal v. Texas Bank & Trust Company, 118 Tex. 133, 11 S.W.2d 791; Ware v. Texboro Cabinet Corporation, 350 S.W. 2d 47, (Tex.Civ.App.1961, writ dis.);

Chapa v. Cox, 271 S.W.2d 486, (Tex.Civ. App.1954, no writ history); Crosby v. Heldt Bros. Trucks, 394 S.W.2d 235, (Tex. Civ.App.1965); Dossey v. Oehler, 359 S.W. 2d 624, (Tex.Civ.App.1962, N.R.E.); Foster v. H. O. Wooten Grocer Company, Tex.Civ. App., 273 S.W.2d 461; McDonald v. Grant, 312 S.W.2d 694, (Tex.Civ.App.). We hold that appellant, by filing his original answer and plea in abatement in May of 1963, and not filing his plea of privilege until November 1, 1965, waived his plea of privilege, and the court did not err in overruling same.

The judgment is affirmed.