**G. D. WESTBROOK, Executor of the Estate of Jacob Bruce Morrow, Deceased, Appellant,**

**v.**

**Esther Alice BRADFORD, Appellee.**

**No. 11608.**

Court of Civil Appeals of Texas.

Austin.

June 12, 1968.

Rehearing Denied June 26, 1968.

Hardeman, Smith & Kever, Justin A. Kever, San Angelo, for appellant.

Upton, Shannon, Porter & Johnson, P. B. Shannon, San Angelo, for appellee.

HUGHES, Justice.

The appellant is G. D. Westbrook, Executor of the Estate of Jacob Bruce Morrow, deceased. Appellee is Esther Alice Bradford, the widow and only heir of William Ralph Bradford. She sued appellant for damages for the death of her husband allegedly resulting from the negligent and tortious acts of his testator, Jacob Bruce Morrow. Appellant, although a resident of the County of suit, filed a plea of privilege to be sued in Coke County, Texas, where the administration of the estate of his testator was pending. The trial court overruled this plea of privilege and from such order appellant brings this appeal.

The pleadings of appellee allege that on September 22, 1967, Mr. Bradford and Mr. Morrow were each driving motor vehicles which collided at a place in Tom Green County and that in such collision Mr. Bradford was killed. The record otherwise shows that Mr. Morrow died the following day and that at such time he was a resident of Coke County where his estate is now being administered. Mr. Morrow left a will which has been probated but his estate is not being administered by an independent executor.

■■■■ The record also shows the following: Appellee's suit was filed October 25, 1967; on November 13, 1967, appellant filed a plea in abatement and answer consisting of a general denial which was made subject to his plea in abatement; on November 17, 1967, appellant filed another plea in abatement; on November 28, 1967, appellant filed a plea of privilege and an amended plea in abatement subject to his plea of privilege.

It is our opinion that appellant has waived his plea of privilege. Rule 84, Texas Rules of Civil Procedure, prior to 1950 required that defensive pleas be filed "in due order of pleading." In that year a change in the rule became effective which eliminated this requirement generally with the provision that the "plea of privilege and the practice thereunder being excepted herefrom." The effect of this exception has been interpreted by the Courts to retain the practice that pleas of privilege must be filed in due order of pleading, and if not so filed, the plea is waived. The plea of privilege was not so filed. Dyer v. Metallic Bldg. Co., 405 S.W.2d 119, Tex. Civ.App., Eastland, n. w. h. (1966), Crosby v. Heldt Bros. Trucks, 394 S.W.2d 235, Tex.Civ.App., San Antonio, n. w. h. (1965); Ware v. Texboro Cabinet Corporation, 350 S.W.2d 47, Tex.Civ.App., Texarkana, writ dismissed, (1961).

■■■ Appellant has also attempted to appeal from the order overruling his plea in abatement. It is our opinion that this is not an appealable order. We quote from Appellant's Amended Plea in Abatement:

"The petition filed by Plaintiff herein recites that said suit is not against G. D. Westbrook individually, but that he is sued solely in his representative capacity as Executor of the Estate of Jacob Bruce Morrow, deceased, and further alleges that he has been so appointed by order of the County Court of Coke County, Texas, in Cause No. 896 on the Probate Docket of said Court. Said petition nowhere alleges that the administration of the Estate of Jacob Bruce Morrow, deceased, is independent on the Probate Court of Coke County, Texas. Said suit constitutes a claim for money against the Estate of Jacob Bruce Morrow, deceased, as evidenced by the prayer in connection therewith, which is solely for judgment against said estate in the amount of $152,369.00, and said petition nowhere alleges that any such claim has been legally presented to the representative of said Estate and rejected by him or by the Court in accordance with the procedures and requirements of the Texas Probate Code.

2.

Defendant alleges, and it is a fact, that the said G. D. Westbrook is not an Independent Executor and the administration of the Estate of Jacob Bruce Morrow, deceased, is under the exclusive jurisdiction and control of the Probate Court of Coke County, Texas. Defendant further shows that Plaintiff has not filed any claim with the Executor of the Estate of Jacob Bruce Morrow, deceased, as required by the Texas Probate Code."

The allegations of this plea were established by the record. The trial court overruled this plea.

Appellant contends that this order is appealable since it is a "matter in probate." To support this contention, appellant cites Halbert v. Alford, 82 Tex. 297, 17 S.W. 595 (1891), Kelley v. Barnhill, 144 Tex.

**640**

14, 188 S.W.2d 385 (1945) and Gonzalez v. Gonzalez, 309 S.W.2d 111, Tex.Civ.App., Fort Worth, n. w. h. (1958).

These cases all involve appeals from orders of the Probate Court. They are not in point. However the language of Chief Justice Alexander in Kelley v. Barnhill is so appropriate to our decision here that we quote it. In that case the Probate Court overruled a plea in abatement in a proceeding to probate a will. In holding that this was not an appealable order Judge Alexander stated:

> "Here, the issue or controverted question that was before the probate court, and for which that particular part of the proceeding was brought, was whether or not the purported will should be admitted to probate. The order overruling contestants' plea in abatement did not dispose of that issue and was not conclusive thereof. It was a mere interlocutory order made in the progress of the trial, and was therefore not appealable. Thomas v. Hawpe, 25 Tex.Civ.App. 534, 62 S.W. 785, writ refused.

> Respondents should have waited until the court had completed the trial on the issue as to whether or not the will should be admitted to probate. Upon the trial of that issue respondents may be successful, and, if so, there will be no need for them to appeal. If they lose upon a trial on that issue, they will then be in a position to appeal; and if they properly preserve the point, they may raise the question as to the correctness of the ruling of the trial court on the plea in abatement as a part of their appeal.

> The ruling attempted to be appealed from was not such a final order as would authorize an appeal therefrom, and consequently the district court properly dismissed the appeal."

We hold the order overruling appellant's plea in abatement not to be appealable because it did not originate in the probate court, does not dispose of this controversy which is whether appellee is entitled to recover damages from appellant, and because there is no statute authorizing appeals from an interlocutory order of this nature.

The appeal of appellant from the order of the trial court overruling his plea in abatement is dismissed for want of jurisdiction. As to the appeal from the order overruling his plea of privilege, the order of the trial court is affirmed.

Appeal dismissed in part for want of jurisdiction and in part affirmed.