**STARR GAS COMPANY et al., Appellants,**

v.

**EMPLOYERS CASUALTY COMPANY,
Appellee.**

No. 5986.

Court of Civil Appeals of Texas.

El Paso.

Dec. 26, 1968.

Rehearing Denied Jan. 22, 1969.

Rassman, Gunter & Boldrick, Midland, for appellants.

Shafer, Gilliland, Davis, Bunton & McCollum, Ray Stoker, Jr., Odessa, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from an order of the 161st District Court of Ector County, Texas, overruling the pleas of privilege of the defendant-appellants, Starr Gas Company and Starr Transport, Inc.

Employers Casualty Company brought suit against Starr Gas Company, a partnership, and Starr Transport, Inc., a corporation, for indemnity as the insurer of Converlin Drilling Company, Inc. and McAlister Trucking Company, seeking recovery of funds it had paid out as a result of a fire at an oil well drilling site in Ector County, the county of suit. Converlin Drilling Company, Inc. had employed McAlister Trucking Company to move a drilling rig from a location on which drilling operations had been conducted by it. Johnny E. Kirby was employed by McAlister Trucking as a truck driver, and the accident occurred when he drove his truck over a rubber hose connecting a butane storage tank with the motors of the rig. The hose ruptured, the butane ignited and caused injury to Kirby and damage to the McAlister truck. The butane storage tank was owned by Starr Gas Company and the butane was supplied by such company and/or Starr Transport, Inc. Basis of the suit is negligence, statutory and common law, and venue was sought to be maintained under subdivision 9a of Article 1995, Vernon's Ann.Civ.St. We affirm the judgment of the trial court.

We are of the opinion that appellee's second counterpoint, to the effect that Starr Transport, Inc. waived its plea of privilege by filing and presenting it to the court out of the due order of pleading, should be sustained. This, because the motion to quash filed by appellant Starr Transport, Inc. was to correct a misnomer, and not to remove itself from the jurisdiction of the court, and as such it amounted to a plea in abatement.

Plaintiff-appellee, named "Starr Transport Company" as defendant, and the returned citation showed service on "Starr Transport Company, J. W. Starr". Prior to its plea of privilege, appellant filed its motion to quash alleging that it, Starr Transport, Inc., had never been served with citation, and moving that citation be quashed "until the defendant is properly named and before the court"; and prior to evidence on its plea of privilege, it presented evidence that Starr Gas Company was a partnership composed of J. W. Starr and A. F. Scott, and Starr Transport, Inc. was a corporation composed of Starr and Scott, except for two shares, and that J. W. Starr was president of the corporation. In its brief before this court, appellant says: "Starr Transport, Inc. was sued initially on October 18, 1967, three years and four months after the accident, but sued mistakenly as Starr Transport Company. Starr Transport, Inc. filed a Motion to Quash as a result of the misnomer and subject thereto its Plea of Privilege."

Quite logically the jurisdiction of the court over a party should be questioned prior to presenting the venue question as to *where* that jurisdiction will be exercised. It is held that the matter of venue is a personal privilege which may be waived by the party in whose favor a plea of privilege is available. Crosby v. Heldt Bros. Trucks, Tex.Civ.App., 394 S.W.2d 235; Mahler v. J. R. Watkins Co., Tex.Civ.App., 120 S.W.2d 459; Everts v. Garlington, Tex.Civ.App., 117 S.W.2d 820; Federal Land Bank of Houston v. Downs, Tex.Civ.App., 127 S.W.2d 952. Such waiver does not occur where a motion to quash is filed for the purpose of questioning the jurisdiction. Horton v.

Lone Star Gas Co., Tex.Civ.App., 19 S.W. 2d 617; Gulf Refining Co. v. Needham, Tex.Civ.App., 233 S.W.2d 919; Watson v. Harrington, Tex.Civ.App., 285 S.W.2d 390. As to the nature of a plea to the jurisdiction and a plea in abatement and the consequences which flow from their sustention, our Supreme Court has said:

" * * * As applied to a pending claim for relief or cause of action, a plea to the jurisdiction, if sustained, would require a dismissal; a plea in abatement, if sustained, would require an abatement of the claim or cause of action until some obstacle to its further prosecution was removed, Life Ass'n of America v. Goode, 71 Tex. 90, 8 S.W. 639, at 640; * * *."

(Texas Highway Department v. Jarrell, Tex., 418 S.W.2d 486 (1967). In the case before us, appellant's motion to quash partakes of the nature of a plea in abatement. It sought not to dismiss, but rather to abate, to quash the citation "until the defendant is properly named". We are of the opinion that its appearance for this purpose amounted to waiver of rights conferred upon it by the venue statute. The applicable law is set forth in Crosby v. Heldt Bros. Trucks (supra) at page 237:

"It is seen that under the liberal pleading practice authorized by Rule 84, Texas Rules of Civil Procedure, a plea of privilege is still required to be filed in due order, that is, prior to any plea other than that of a special appearance under Rule 120a T.R.C.P. Venue may be waived by failure to comply with this due order of pleading. Holt v. Farmer, Tex. Com.App., 56 S.W.2d 633; National Bankers Life Ins. Co. v. Adler, Tex. Civ.App., 324 S.W.2d 35, no wr. hist.; Foster v. H. O. Wooten Grocer Co., Tex. Civ.App., 273 S.W.2d 461, no wr. hist."

And for a like statement of the law, see Westbrook v. Bradford, Tex.Civ.App., 429 S.W.2d 638, no writ history, a 1968 decision by the Austin Court of Civil Appeals. Also, see Broome v. Smith, Tex.Civ.App., 265

S.W.2d 897, where a motion to quash was held to be a plea in abatement amounting to a waiver of the plea of privilege. In the case before us, appellant submitted itself to the court and asked it for relief—that it abate the cause of action until the misnomer was corrected—and we are of the opinion that such action cannot be distinguished from the cited cases, and are constrained to hold that Starr Transport, Inc. waived its plea of privilege.

▬▬ The plea of privilege of Starr Gas Company was controverted by the plaintiff's allegations of negligence to bring the matter under exception 9a of the Venue Statute, Article 1995, V.A.C.S. The burden was on plaintiff-appellee to both plead and prove negligence by this defendant in the county of suit causing the alleged damages, and such burden was to make out a prima facie case. The filing of findings of fact and conclusions of law by the trial court is discretionary in venue trials, and none were filed in this case. Under such circumstances it is presumed that the trial court found such facts as are necessary to support its judgment; and appellee having pleaded several theories of negligence, the judgment should not be disturbed if the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment on any one of the theories pleaded. In Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, the Supreme Court reiterated the rule for testing the probative force of the evidence by quoting from Wininger v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150: " * * * 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff'—then it is to be concluded that there is evidence to support the verdict."

▬▬ Appellee, as plaintiff, alleged that appellant was negligent in that, as a li-

censee for distribution of liquified petroleum gas, it violated certain specified rules of the Railroad Commission of Texas. One such pleaded regulation is to the effect that no licensee shall introduce liquified petroleum gas into any container if he has knowledge or reason to believe that such container, piping, or the system or the appliance of which it is a part, was not installed in accordance with the regulations, and that Rule 7.12 thereof provided: "b. Exterior piping installed above ground shall be protected against mechanical injury by means of curbs or substantial guard rails." The system into which butane was introduced in this case had a rubber hose connected to the storage tank some three feet below the point where such butane was injected into the storage tank, and such rubber hose was above ground and unprotected by anything. This was the hose which was run over by the McAlister truck and ruptured to cause the damages, and the trial court could have found that, but for the unprotected condition, the accident would not have happened. Appellant urges that no one connected with Starr Gas Company ever visited the premises where the accident occurred; that Starr Gas, in fact, had only two employees—a bookkeeper and a secretary—and that the person who delivered the butane and placed it in the system was one Odell Little, a truck driver for Starr Transport. Assuming we are correct in holding that the act of a licensee in placing the butane in a system not installed in accordance with the Railroad Commission regulations was negligence, the question then is, who did it? Or, more specifically, was there evidence to support the trial court's implied finding that Starr Gas caused the butane to be placed in the system? We are of the opinion that the evidence would support a finding that both Starr Gas and Starr Transport were responsible for the act, or that Starr Transport was itself acting for Starr

Gas through its employee, Little. In Safeway Stores, Inc. v. Amburn, Tex.Civ.App., 380 S.W.2d 727 (reh.den., dism'd., w.o.j.), it was held that a plaintiff made out a prima facie case within venue pleadings as against a corporate defendant by showing that the other corporate defendant, acting by and through its employee, was itself acting as agent for the first defendant for purposes of the transaction. There was evidence that Little was an employee of Starr Transport and made the delivery in a truck owned by Starr Transport, but such truck had "Starr Gas Company" printed on it, and placed the butane in the storage tank, which was owned by Starr Gas. This was the tank to which the rubber hose was connected. There was testimony that when an order came for butane, Little would pick it up at whatever facility was nearest to the delivery point, deliver it, make out an invoice for the amount so delivered, secure the signature of someone in authority—the driller or pusher—give them one copy and deliver a copy to Starr Transport, and Starr Gas billed the customer. As indicated, both companies operated from the same office and Curly Robertson testified that he was Office Manager for both. J. W. Starr testified as to the Transport company: "It buys and sells the butane, going through the Starr Gas Company to the consumer"; and as to Starr Gas Company, "It sells, it's a sales department. It collects, of course, and that is it."

Since we are of the opinion that the judgment should be affirmed, it is not deemed necessary to burden this opinion with further examples of presumed findings and evidence, but conclude that the evidence is sufficient when viewed in the manner required on appeal. All points of error have been considered, and all are overruled.

The judgment of the trial court is affirmed.