**CAMDEN OIL COMPANY, Appellant,**

v.

**Dick HOHMAN, Appellee.**

No. 7305.

Court of Civil Appeals of Texas,
Beaumont.

Jan. 27, 1972.

Ritter, Nichols & Posey, Longview, for appellant.

Hamlin, Fagg & Branch, Dallas, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court holding defendant's plea of privilege was waived, and if not waived, that it be overruled. The parties will be referred to here as they were in the trial court.

The chronological order of the unusual events occurring in this case transpired as follows: Plaintiff, Dick Hohman, filed his original petition in Dallas County suing defendant, Camden Oil Company, for commissions due. Thereafter, on March 18, 1971, one of the attorneys representing defendant wrote a letter to the District Clerk of Dallas County giving the style of the cause and reading in part as follows:

> "Enclosed herewith for filing is defendant's motion to quash citation and plea of privilege filed subject thereto."

A copy of such letter was sent to the attorney representing plaintiff. The file marks on the original pleadings show the plea of privilege was filed March 19 at 9:01 A.M., 1971 and the motion to quash citation at 9:04 A.M. on the same date. No mention is made in either pleading of the other pleading. April 15, 1971, an order granting a motion to extend time for filing controverting affidavit was signed by the trial court and filed by the district clerk. On the same date, plaintiff's controverting plea was filed by the district clerk, together with an order of the court setting a hearing on the plea of privilege

for May 21, 1971, at 9:00 A.M. April 28, 1971, defendant filed a motion to set aside the order of the court extending the time for filing the controverting plea. May 12, 1971, plaintiff filed a response to the foregoing motion and asked the trial court to grant defendant's motion to quash and strike the plea of privilege or in the alternative, to hold that the controverting plea was timely filed, for good cause. May 17, 1971, defendant filed a motion stating the motion to quash citation was moot, and asked that it be withdrawn. May 21, 1971, the order here complained of was entered by the trial court finding plaintiff had reasonable grounds for the extension of time to file his controverting plea and denying defendant's motion to set aside its prior order granting the extension; and also holding defendant had not followed due order of pleading in filing its plea of privilege subject to its motion to quash citation and that it waived its plea of privilege and it was stricken. The trial court also overruled the plea of privilege.

■ One of defendant's three points of error is that the trial court erred in holding defendant waived its plea of privilege. Defendant points out that the plea of privilege was filed first, and that the motion to quash was withdrawn before the hearing on the plea of privilege. Even though the file marks show the plea of privilege was filed three minutes before the motion to quash, the circumstances are set out above in the statement of this case. The letter from defendant's attorney quoted above makes it clear the plea of privilege was to be filed subject to the motion to quash. We agree with the trial court that the plea of privilege was not filed in the due order of pleadings and was therefore waived.

*Rule 84*, which was amended to become effective March 1, 1950, apparently eliminated strict compliance with the former rules as to due order of pleadings except as to special appearances and pleas of privilege. This interpretation of the rule has been followed consistently by the courts of this state. See Dyer v. Metallic Building Company, 405 S.W.2d 119 (Tex.Civ. App., Eastland, 1966, no writ); Crosby v. Heldt Bros. Trucks, 394 S.W.2d 235, 237 (Tex.Civ.App., San Antonio, 1965, no writ); Ware v. Texboro Cabinet Corporation, 350 S.W.2d 47, 49 (Tex.Civ.App., Texarkana, 1961, error dism.); McCay v. Arnold Co., 328 S.W.2d 890 (Tex.Civ.App., Waco, 1959, no writ); National Bankers Life Insurance Company v. Adler, 324 S.W. 2d 35, 37 (Tex.Civ.App., San Antonio, 1959, no writ); Hearn v. Frazier, 228 S.W.2d 582, 584 (Tex.Civ.App., Eastland, 1950, error dism.); and Westbrook v. Bradford, 429 S.W.2d 638, 639 (Tex.Civ.App., Austin, 1968, no writ).

We have concluded that a complete answer to this matter is found in Starr Gas Company v. Employers Casualty Company, 436 S.W.2d 188 (Tex.Civ.App., El Paso, 1968, error dism.). That case concerns a motion to quash a citation to correct a misnomer. The court held such motion, if granted, would not remove defendant from the jurisdiction of the court and amounted to a plea in abatement, citing the Supreme Court in Life Ass'n of America v. Goode, 71 Tex. 90, 8 S.W. 639, 640 (1888). In our case, defendant's motion to quash, if granted, would not remove defendant from the jurisdiction of the court but would have the effect of merely extending the time for appearance.

■ Even though our action on the above point of error disposes of this appeal, we also hold the trial court was supported by the record in the additional rulings made by it. The evidence shows plaintiff relied upon defendant's representation that the plea of privilege was filed subject to the motion to quash; and plaintiff's belief that the motion to quash was good, constitutes reasonable grounds for extending the time to file the controverting plea. The evidence also supports the action of the court in overruling defendant's plea of privilege.

Affirmed.