**VALLEY MUNICIPAL UTILITY DISTRICT NO. 2 et al., Appellant,**

v.

**Joseph C. HILD, Appellee.**

**No. 17271.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 8, 1979.

Morris & Campbell, Rhett G. Campbell, Houston, Carter & Ellis, Joel William Ellis, Harlingen, for appellant.

Fred Parks & Associates, Roland C. Kemp, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order denying a plea of privilege for the reason that it had been waived by the filing of a motion to quash citation which was heard and sustained prior to a hearing on the plea of privilege.

■ Rule 84, Vernon's Texas Rules of Civil Procedure, provides:

"The defendant in his answer may plead as many matters___as he may think necessary for his defense,___and such pleas shall be heard in such order as may be directed by the court, special appearance and plea of privilege and the practice thereunder being excepted herefrom."

The original rule required that the defensive matters be filed all at the same time and in due order of pleading and that all such pleas be heard "in such order under the direction of the court".

It will be noted that the present rule eliminates the necessity of filing special pleas "in due order of pleading". It permits the trial judge to direct the order in which these pleas are heard with the exceptions noted. The trial judge cannot direct that matters other than a special appearance be taken up before ruling on the plea of privilege. The rule does not specifically deny to the defendant the right to request a hearing on pleas, such as a motion to quash, prior to the hearing on the plea of privilege. The inclusion of the phrase "and the practice thereunder" in Rule 84, supra, indicates that by adopting the rule the Supreme Court did not intend to make any change in the plea of privilege practice.

Prior to the amendment of Rule 84 in 1962, it was well settled that the filing of a plea of privilege constituted an appearance

for all purposes. *O'Quinn v. Tate*, 187 S.W.2d 241 (Tex.Civ.App.1945, writ ref'd.) If the plea of privilege is filed and urged prior to the filing of a motion to quash citation, the motion would be waived.

There are cases which hold that the urging of a motion to quash citation prior to the plea of privilege results in a waiver of the right to present the plea of privilege. *Devereaux v. Rowe*, 293 S.W. 207 (Tex.Civ.App.-San Antonio 1927, no writ history); *Camden Oil Company v. Hohman*, 476 S.W.2d 708 (Tex.Civ.App.-Beaumont 1972, no writ history); *Starr Gas Company v. Employers Casualty Company*, 436 S.W.2d 188 (Tex.Civ.App.-El Paso 1968, writ dism'd).

In *Devereaux v. Rowe*, supra, the court relied on Article 2048, Revised Civil Statutes of 1925, which provided that if the citation or service thereof is quashed on the motion of the defendant, the defendant shall be deemed to have entered his appearance to the succeeding term. The court pointed out that the statute did not provide that the defendant would be deemed to have been duly cited for the succeeding term but that he shall be deemed to have entered his appearance. The appearance is not a restricted one, but is a general appearance. The court then held that the defendant waived his plea of privilege by invoking the judgment of the court on citation or service in the case.

The more recent cases cited rely on the fact that the motion to quash is in the nature of a plea in abatement. This was the approach taken in *Starr Gas Company v. Employers Casualty Company*, supra. The court relied upon *Crosby v. Heldt Brothers Trucks*, 394 S.W.2d 235 (Tex.Civ.App.-San Antonio 1965, no writ history). However, in *Crosby* the court said that any action upon the part of a defendant which invokes the general jurisdiction of the court before filing his plea of privilege, other than certain preliminary motions not here involved, or unless the right to file his plea of privilege is reserved, constitutes an appearance and therefore a waiver of his venue rights. McDonald, Texas Civil Practice,

Sec. 4.40 is cited in support of this statement. In the section cited, McDonald states that the plea of privilege will not be waived by urging certain preliminary motions including a motion to quash citation.

■ An appearance in a case by filing a motion or other pleading which would not have the effect of securing a ruling by the court on a matter affecting the merits of the case should not constitute a waiver of the right to present a plea of privilege. See: *Holt v. Farmer*, 56 S.W.2d 633 (Tex. Comm'n. App. [Sec. A] 1933, holding approved); *O'Neal v. Texas Bank & Trust Co.*, 118 Tex. 133, 11 S.W.2d 791 (Tex.Com. App. [Sec. A] 1929, opinion adopted; *Powell v. Goldsmith*, 164 S.W.2d 45 (Tex.Civ.App.-Texarkana 1942, writ dism'd).

The cases are in substantial agreement that the prior presentment of a true plea in abatement will result in the waiver of the plea of privilege subsequently presented. *Broome v. Smith*, 265 S.W.2d 897, (Tex.Civ.App.-Galveston 1954, no writ history) [challenge to the jurisdiction of the trial court]; *Westbrook v. Bradford*, 429 S.W.2d 638 (Tex.Civ.App.-Austin 1968, no writ history) [plea in abatement and general denial]; *McCay v. Arnold Company*, 328 S.W.2d 890 (Tex.Civ.App.-Waco 1959, no writ history) [motion to dismiss]; *Ware v. Texboro Cabinet Corp.*, 350 S.W.2d 47 (Tex.Civ.App.-Texarkana 1962, writ dismissed) [answer filed before plea of privilege]; *Dyer v. Metallic Bldg. Co.*, 405 S.W.2d 119 (Tex.Civ.App.-Eastland 1966, no writ history) [original answer and plea of another cause pending].

These cases were cited in *Camden Oil Company v. Hohman*, supra, and *Starr Gas Company v. Employers Casualty Company*, supra, in the support of the holding that the filing of a motion to quash citation prior to the hearing on a plea of privilege resulted in a waiver of the plea of privilege.

Rule 122, Texas Rules of Civil Procedure, provides that if the citation or service thereof is quashed on motion of the defendant, the defendant shall be deemed to have entered his appearance at ten o'clock A.M. on the Monday next after the expiration of twenty days after the day on which citation

or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him. It will be noted that the present rule differs from Article 2048, Revised Civil Statutes of 1925, in that the present rule requires the defendant to appear and answer "at that time". It would seem that this rule authorizes the filing of an answer including a plea of privilege after a motion to quash citation has been sustained. This is the view taken by the court in *Donald v. Agricultural Livestock Finance Corp.*, 495 S.W.2d 592 (Tex.Civ.App.-Fort Worth 1973, no writ history).

No good purpose would be served by forcing a defendant to file a plea of privilege in a court until after it was determined that he was properly cited to appear therein and was required to make some sort of answer. The proper way to determine this question is to pass upon a motion to quash citation. *Gulf Refining Co. v. Needham,* 233 S.W.2d 919 (Tex.Civ.App.-Eastland 1950, no writ history).

 The Utility District filed its motion to quash the citation and, subject thereto, its plea of privilege. The motion to quash was granted and, thereafter, the District filed another plea of privilege and, subject thereto, its answer. The trial court set the plea of privilege down for a hearing, and after hearing thereon, entered a judgment denying the plea of privilege for the reason that "such plea was not filed in due order, a motion to quash service having been filed prior to the filing of the plea of privilege,__". The court also recited that but for the defendant District's aforesaid waiver of its plea of privilege, the plea of privilege would have been sustained.

The trial court erred in denying the plea of privilege for the reason that the filing of the motion to quash resulted in a waiver of the plea. *Hawkins v. Gilger,* 399 S.W.2d 203 (Tex.Civ.App.-Houston 1966, writ dism'd).

 We consider the statement in the trial court's order that but for the waiver the plea of privilege would have been sustained to be mere surplusage. This statement does not constitute a judgment sustaining the plea of privilege.

The judgment is reversed and the cause is remanded.