NUMBER 13-05-557-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

OLGA LYDIA SANCHEZ,                                            Appellant,

 

                                           v.

 

JOE
GARCIA,                                                           Appellee.

 

 

 

                  On appeal from the 332nd
District Court

                           of Hidalgo
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

          Before Chief Justice Valdez, and Justices Yañez
and Castillo

                        Memorandum Opinion by Justice Castillo

 








Appellant Olga Lydia Sanchez appeals an order dismissing her case for
want of prosecution.  By three issues,
she asserts the trial court abused its discretion in (1) dismissing the case,
(2) failing to provide adequate notice, and (3) refusing to grant her motion to
reinstate.  Appellee Jose E. Garcia d/b/a
The Law Offices of Jose E. Garcia responds that dismissal was proper.  We affirm.

I.  Background

On April 20, 1999, Sanchez filed a lawsuit against Garcia, her former
employer, for damages with respect to her causes of action for intentional
infliction of emotional distress, false imprisonment, and wrongful
discharge.  On June 16, 1999, she filed
an amended petition apparently in response to special exceptions in Garcia's
answer.   By agreement, the case was not
tried in August 2000, the sole trial date. 
On October 4, 2002, the trial court convened a hearing on its first
notice of dismissal for want of prosecution. 
Both parties appeared.  The trial
court heard that Sanchez had suffered a stroke, and did not dismiss the
case.  On November 10, 2003, the trial
court ordered the case to mediation "on or before December 30, 2003,"
but the parties did not mediate.  On May
12, 2005, the trial court sent a notice to the parties that, pursuant to its
inherent power and rule 165a, the case was set for dismissal on May 31,
2005.  The notice states in pertinent
part:

NOTICE OF HEARING 

FOR DISMISSAL FOR WANT OF PROSECUTION

 

IN THE EXERCISE OF THE COURT'S DISCRETION PURSUANT TO ITS INHERENT
POWER TO DISMISS CASES NOT DILIGENTLY PROSECUTED AND RULE 165A, THE COURT
INTENDS TO DISMISS THIS CASE ON ITS DISMISSAL DOCKET SET FOR HEARING IN OPEN
COURT ON THE 31ST DAY OF MAY, 2005, AT 9:00 A.M.  

 








On May 31, 2005, both parties appeared.  Sanchez requested an opportunity to mediate
pursuant to the trial court's prior mediation order and filed a motion for a
docket control conference.  The trial
court dismissed the case for want of prosecution.  In pertinent part, the order states:

ORDER OF DISMISSAL

On this the 31st day of May, 2005, it appearing to the Court that
within fifteen (15) days after the Clerk issued notice to all parties involved
in the above entitled and numbered cause, as per Rule 165(a), Texas Rules of
Civil Procedure, to appear and show good cause why said case should not be
dismissed for lack of prosecution, and it further appearing to the Court that
said party or his attorney failed to show good cause why said case should not
be dismissed:

 

IT IS THEREFORE ORDERED that the above entitled and numbered cause be
and it is hereby DISMISSED FOR LACK OF PROSECUTION with costs against Plaintiff
(Petitioner).  

 








Sanchez timely filed a verified motion to reinstate.   See Tex.
R. Civ. P. 165a(3).[2]  Sanchez conceded that the case was not
disposed of within the applicable time standards.[3]  See
Tex. R. Civ. P. 165(a)(2).[4]  As grounds, she maintained that non-compliance
with the time standard was not intentional or the result of conscious
indifference but, rather, failed mediation and her deteriorating health impeded
prosecution of the case.  On July 26,
2005, the trial court convened a hearing and both parties appeared.  Sanchez testified her medical condition had
limited her ability to communicate with her attorneys and assist in the
prosecution of the case, but admitted that at all times her cognitive abilities
were intact.  She further testified that
she was able to proceed with a jury trial if the case were reinstated.  Her counsel testified that Sanchez's health
issues beginning "at least [in] 2000" and "getting worse
steadily over the years" limited the firm's ability to prosecute her case,
to communicate with her, and to assist her. 
The trial court took the matter under advisement.  The motion was overruled by operation of
law.  See Tex. R. Civ. P. 165a(3). 
This appeal ensued.  

II.  Dismissal for Want of
Prosecution

A.  Inherent Power[5]
or Rule 165a








This appeal concerns the trial court's authority to dismiss for want
of prosecution under rule 165a(2).  A
trial court is authorized to dismiss a case for want of prosecution based on
its inherent power and rule 165a.  See
Tex. R. Civ. P. 165a;
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.
1999); State v. Rotello, 671 S.W.2d 507, 508‑509 (Tex. 1984).  A trial court must provide the parties notice
and an opportunity to be heard before it may dismiss a case for want of
prosecution under either rule 165a or its inherent authority.  See Tex.
R. Civ. P. 165a(1); Villarreal, 994 S.W.2d at 630; see
Gutierrez v. Lone Star Nat'l Bank, 960 S.W.2d 211, 214 (Tex. App.BCorpus Christi 1997,
pet. denied).  Generally, the failure to
provide adequate notice of the trial court's intent to dismiss for want of
prosecution requires reversal.   Villarreal,
994 S.W.2d at 630.  

B.  Reinstatement








Rule 165a(3) states the trial court must reinstate a case dismissed
for want of prosecution upon finding after a hearing that "the failure of
the party or his attorney was not intentional or the result of conscious
indifference but was due to an accident or mistake or that the failure has been
otherwise reasonably explained."  Tex. R. Civ. P. 165a(3).  The operative standard is essentially the
same as that for setting aside a default judgment.  Garcia v. Barreiro, 115 S.W.3d 271, 277
(Tex. App.BCorpus Christi 2003,
no pet.) (citing Smith v. Babcock & Wilcox Const. Co., Inc., 913
S.W.2d 467, 468 (Tex. 1995)).  Absent
exclusions in either rule, we apply rule 165a(3) to dismissals under rule
165a(2).[6]  See Tex.
R. Civ. P. 165a(2) & (3).  A
failure to prosecute is not intentional or due to conscious indifference within
the meaning of the rule merely because it is deliberate; it must also be
without adequate justification.   See
Barriero, 115 S.W.3d at 277.  Proof
of such justification B accident, mistake or
other reasonable explanation B negates the intent or
conscious indifference for which reinstatement can be denied.  Id. (citing Bank One, Texas, N.A.
v. Moody, 830 S.W.2d 81, 84 (Tex. 1992)). 
Also, conscious indifference means more than mere negligence.  Id. (citing Smith, 913 S.W.2d
at 468; Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex. 1966)).  

C.  Standard and Scope of Review

We review a trial court's action on a motion to dismiss for want of
prosecution and the trial court's refusal to reinstate the cause under a
"clear abuse of discretion" standard.    MacGregor v. Rich, 941 S.W.2d 74, 75
(Tex. 1997) (citing Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90
(Tex. 1976));  Barreiro, 115
S.W.3d at 274.  A trial court clearly
abuses its discretion if "it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law."  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916,
917 (Tex. 1985)).  With respect to
resolution of factual issues or matters committed to the trial court's
discretion, the reviewing court may not substitute its judgment for that of the
trial court.  Packer, 827 S.W.2d
at 839.  Under this standard, an
appellant must establish that the trial court could reasonably have reached
only one decision.  Id. at 840; Johnson,
700 S.W.2d at 917.  The trial judge acts
as the finder‑of‑fact in weighing the credibility of the witnesses'
testimony in the context of the reinstatement hearing.  See Shook v. Gilmore & Tatge Mfg. Co.,
951 S.W.2d 294, 298 (Tex. App.BWaco 1997, pet.
denied).  








The decision as to whether a trial court abused its discretion is made
on a case-by-case basis.  Federal
Deposit Ins. Corp. v. Kendrick, 897 S.W.2d 476, 481-82 (Tex. App.BAmarillo 1995, no
writ).  The trial court may consider the
entire history of the case, including the length of time the case was on file,
the amount of activity in the case, the request for a trial setting, and the
existence of reasonable excuses for delay. 
Rotello, 671 S.W.2d at 509; Houston v. Robinson, 837
S.W.2d 262, 264 (Tex. App.B Houston [1st Dist.]
1992, no writ).  No single factor is
dispositive. Robinson, 837 S.W.2d at 264.  We must affirm if any legal theory for the
dismissal is supported by the record.  See
Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987).

D.  Application

Rule 165a(2) authorized the trial court to place Sanchez's case on its
dismissal docket if not disposed within the time standards promulgated by the
Texas Supreme Court under its administrative rules.  Tex.
R. Civ. P. 165a(2).  The parties
do not dispute that Sanchez did not prosecute her case within the applicable
eighteen-month period.  They  disagree with respect to the trial court's
refusal to reinstate under rule 165a(3). 


1.  Inadequate Notice to Show
Good Cause








By her first issue, Sanchez asserts she was denied due process because
the hearing notice inadequately apprised that she must show good cause at the
dismissal hearing.  She concedes she did
not affirmatively show good cause at the hearing. Sanchez did not present her complaint to the trial court.  Thus, she did not preserve error for
appeal.  Tex. R. App. P. 33.1(a)(1)(A); see Dolcefino v. Randolph,
19 S.W.3d 906, 926 (Tex. App.BHouston [14th Dist.]
2000, pet. denied) (stating that the purpose of rule 33.1 is to ensure that the
trial court has the opportunity to rule on matters for which the parties later
seek review on appeal).  








Even assuming that Sanchez preserved error, the notice plainly alerted
the litigants of a "hearing" and the trial court's "inten[t] to
dismiss this case."  Importantly,
the notice warned the litigants that the case was subject to dismissal in the
context of a rule 165a proceeding, without limitation.  Thus, the notice alerted Sanchez of the trial
court's power to dismiss.  Further,
Sanchez concedes she did not prosecute within the time standards contemplated
in rule 165a(2).  Thus, the record does
not demonstrate that the trial court clearly abused its discretion to dismiss
under rule 165a(2).  See Tex. R. Civ. P. 165a(2).  The dismissal order memorialized the trial
court's pronouncement of its decision to dismiss under rule 165a, without
limitation.  The recitation in the
dismissal order that Sanchez failed to show good cause at the hearing is mere
surplusage.[7]  See Valley Mun. Util. Dist. No. 2 v. Hild,
578 S.W.2d 827, 829 (Tex. Civ. App.BHouston [1st Dist.]
1979, no writ) (stating  recitations in
an order that do not constitute a judgment are mere surplusage).  Finally, at the reinstatement hearing,
Sanchez adduced evidence ostensibly to show cause to reinstate.  Thus, she has also not shown harm.[8]  See Tex.
R. App. P. 44.1(a).  We overrule
her first issue.

2.  Intervening Cause

By her second issue, Sanchez asserts that the delay in prosecuting the
case was occasioned by the opponent' s refusal to mediate as ordered.  By a sub-issue in her third issue, Sanchez
asserts that her counsel attempted to settle the case through court-ordered
mediation to avoid subjecting her to the rigors of trial due to her
health.           Sanchez
preserved error by presenting her complaint to the trial court in her motion to
reinstate and at the hearing on that motion. See Tex. R. App. P. 33.1(a)(1)(A).  The order for mediation is dated November 10,
2003.  An August 6, 2004 letter admitted
in evidence demonstrates "numerous" efforts to effect the mediation
order.  However, testimony showed that
Sanchez did not file a motion to compel mediation.  By refusing reinstatement, the trial court
implicitly denied reinstatement on this ground. 









At the reinstatement hearing, 
Sanchez's counsel explained the inactivity in the case by the efforts to
resolve the case through court-ordered mediation instead of litigating it due
to Sanchez's health.  Counsel also
explained the delay occasioned by the opponent's failure to comply with the
order to mediate.  Although Sanchez was
not blameless for the dismissal in this case, evidence of mere negligence is
not enough to defeat reinstatement.  See
Babcock, 913 S.W.2d at 468.  Because
Sanchez reasonably explained the delay in this case on grounds of her health
and because there was no evidence that her failure to prosecute was intentional
or the result of conscious indifference in the context of her mediation excuse,
the trial court could have properly compelled the parties to comply with its
mediation order had a timely motion been 
presented.  It was not.[9]  Sanchez did not reasonably explain the
failure to seek such redress.  We cannot
conclude that the trial court clearly abused its discretion by rejecting
Sanchez's claim that the opponent's failure to mediate delayed prosecution. See
Walker, 827 S.W.2d at 839; Johnson, 700 S.W.2d at 917.








Further, we observe that Sanchez's case survived the dismissal docket
on October 4, 2002.  The trial court
ordered mediation on or before December 30, 2003.  During the dismissal hearing on May 31, 2005,
the trial court heard the first post-deadline request for mediation.  Even after surviving dismissal once and being
granted the opportunity to mediate, Sanchez did not prosecute either the
mediation order or her case.  Movement in
her case was responsive to the trial court's notices and dismissal order.  Rule 165a(2) contemplates prosecution of an
inactive lawsuit.  It demands active
rather than reactive movement of a stagnant lawsuit.  By its implicit ruling, the trial court
rejected non-compliance with the mediation order as an intervening cause of
delay as a reasonable explanation.  See
Tex. R. Civ. P. 165a(3).  We cannot conclude that the trial court
clearly abused its discretion in refusing to reinstate the dismissed case.  See Packer, 827 S.W.2d at 840; Johnson,
700 S.W.2d at 917.  We overrule Sanchez's
second issue and the sub-issue in her third issue.

3.  Poor Health as Justification


By her third issue, Sanchez asserts that her deteriorating state of
health necessitated the delays in prosecuting her case.  Reinstatement required that Sanchez
demonstrate that her failure to prosecute over a six-year period was not
intentional or due to conscious indifference but due to a reasonable
explanation within the meaning of rule 165a(3). 
Tex. R. Civ. P. 165a(3); see
Barreiro, 115 S.W.3d at 277. 

Sanchez testified that at her age of forty-one years she was
wheelchair-bound due to partial paralysis on her left side.  She had suffered mini-strokes and suffered
from mitral valve prolapse, among other things. 
She further testified that her condition was steadily worsening.  With respect to cognition, the following
colloquy occurred during cross-examination:

Q.  Have you been hampered in your communications
with your attorneys since this lawsuit was filed?

 

A.  Yes, sir.

Q.  Okay. 
But as far as your cognitive ability, you are able to communicate with
them B

 

A.  Most definitely.

During
direct examination, she testified:

Q.  You have the ability to give testimony if
there were to be a trial in this case?

 

A.  Most definitely.  Yes, sir. 









We
observe that Sanchez filed her lawsuit on April 20, 1999.  During the reinstatement hearing six years
later, Sanchez first presented testimony with respect to her poor health[10]
and, also for the first time, announced ready for trial.  Without reasonably explaining the duration of
any cognitive impediment in the past, if any, Sanchez admitted that she was
able to communicate with her counsel. 
She adduced no evidence of the time of onset of her medical difficulties.  Her presence in court allowed the trial court
to observe her and make reasonable inferences from  observations that are not apparent in the
cold record before us.  

Not diminishing the evidence of Sanchez's  state of health, the trial court as sole fact
finder and judge of credibility of the witnesses could have reasonably found
that Sanchez did not reasonably explain the competing inferences between her
proffered present ability to prosecute six years after filing suit in ill
health and her inability to prosecute during the same term before the condition
worsened.   Further, to deny her motion
to reinstate without clearly abusing its discretion, the trial court need not
have doubted that Sanchez was medically unfit for trial during the relevant
time.  Rule 165a(2) authorized the trial
court to place the case on its dismissal docket because Sanchez failed to
prosecute within the relevant eighteen- month period.  Because the sole announcement of ready for
trial occurred six years after suit was filed, we cannot conclude that the
trial court clearly abused its discretion by refusing to reinstate the
case.  See Tex. R. Civ. P. 165a(2) & 3; Packer, 827 S.W.2d at
840; Johnson, 700 S.W.2d at 917. 
We overrule Sanchez's third issue.  









III.  Conclusion

We conclude that the trial court (1) provided adequate notice of its
power and intent to dismiss pursuant to rule 165a(2), (2) had the authority to
dismiss for want of prosecution on grounds that the evidence sufficiently
demonstrates lack of activity over a six-year period, and (3) did not clearly
abuse its discretion in denying the motion to reinstate under rule
165a(3).  We affirm the dismissal for
want of prosecution.   

 

ERRLINDA
CASTILLO

Justice

 

 

Memorandum Opinion
delivered and filed

this 27th day of July,
2006.

 











[1] See Tex.
R. App. P. 47.1, 47.4.  





[2] Rule 165a states in part:

 

The court shall reinstate the case
upon finding after a hearing that the failure of the party or his attorney was
not intentional or the result of conscious indifference but was due to an
accident or mistake or that the failure has been otherwise reasonably
explained.

 

Tex. R.
Civ. P. 165a(3).  





[3] The current time standard of the
Texas Supreme Court applicable to civil jury cases is  eighteen months from the appearance
date.  See Tex. R. Jud. Admin. 6 reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F
app. (Vernon 2005).





[4] Rule 165a(2) states:

 

Any case not disposed of within
time standards promulgated by the Supreme Court under its Administrative Rules
may be placed on a dismissal docket.

 

Tex. R.
Civ. P. 165a(2).  





[5] The trial court is vested with
inherent power to "move" its docket by dismissing cases for want of
prosecution when a party seeking relief fails to prosecute its case with
"due diligence."  Rizk v.
Mayad, 603 S.W.2d 773, 776 (Tex. 1980). 






[6] Assuming without deciding that
rule 165a(2) reflects the trial court's inherent power to dismiss for lack of
due diligence, we observe that rule 165a(3) does not limit reinstatement to
rule 165a(1) dismissals.  See Tex. R. Civ. P. 165a(2) & (3); Bevil
v. Johnson, 307 S.W.2d 85, 87‑88 (Tex. 1957) (holding that the
placement of a case on the dismissal docket on a court's own motion is nothing
but an exercise of the trial court's inherent authority to control its
docket).  Because a case may be dismissed
for lack of diligence under either rule 165a(2) or the court's inherent power,
no purpose is served in creating two separate standards for review.  Rampart Capital Corp. v. Maguire, 1
S.W.3d 106, 107 (Tex. 1999) (Hecht, J., dissenting) (noting that several courts
of appeals have concluded that rule 165a(3)'s reinstatement standard should not
apply to cases dismissed under the trial court's inherent power).  The standard should be the same regardless of
whether a case is dismissed pursuant to rule 165a or the court's inherent
power.  Id.  The party must prove that the failure or
omission that led to dismissal was the product of an accident or mistake or
must otherwise reasonably explain that its actions were not intentional or
consciously indifferent.  Id.  

 

 





[7]A judgment should be construed as a
whole toward the end of harmonizing and giving effect to all the trial court
has written.  Point Lookout West, Inc.
v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987).  The entire content of the written instrument
and the record should be considered.  Id.  





[8] Our sister courts have determined
that if the litigant participates in a hearing on a motion to reinstate, due
process arguments are obviated.  See
Manning v. North, 82 S.W.3d 706, 715 (Tex. App.BAmarillo 2002, no pet.); Tex.
Sting, Ltd., v. R. B. Foods, 82 S.W.3d 644, 649‑50 (Tex. App.BSan Antonio 2002, pet. denied); Franklin
v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 403 (Tex. App.BDallas 2001, pet. denied); Montgomery
Ward & Co. v. Denton County Appraisal Dist., 13 S.W.3d 828, 831 (Tex.
App.BFort Worth 2000, pet. denied); Jimenez
v. Transwestern Prop. Co., 999 S.W.2d 125, 129 (Tex. App.BHouston [14th Dist.] 1999, no
pet.).  





[9] Because the trial court did not
specify under what ground it was exercising its authority to dismiss Harvey's
case, we may affirm the judgment under any applicable legal theory.  Whorton, 742 S.W.2d at 278; City of
Houston v. Thomas, 838 S.W.2d 296, 297 (Tex. App.BHouston [1st Dist.] 1992, no writ).






[10] As we previously observed, during
the first dismissal hearing on October 4, 2002, Sanchez's counsel stated
Sanchez had suffered a stroke.  The trial
court did not dismiss at that time.