H. A. HALBERT AND WIFE v. GEORGE F. ALFORD, GUARDIAN, ETC.

No. 3057.

1. **Appeal from County to District Court in Probate Matters.** — Revised Statutes, article 2200, provides: "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the County Court, shall have the right to appeal therefrom to the District Court of the county," etc.    This statute has been recognized as authority for an appeal from an order of the County Court rejecting the report or account of an administrator, and directing him to file another report on a designated basis.

2. **Same—Interlocutory Order.** — Proceedings were taken to require Alford to report his action as guardian to the County Court of Anderson County.    The effect of Alford's answer was to raise the question of the jurisdiction or power of that Probate Court to require of him as guardian a report as to the disposition of property no longer under his control as guardian, but withdrawn therefrom by the administration proceedings (upon estate of the deceased ward) in Dallas County, and the disposition of which he had legally reported to that court.    The Probate Court sustained its jurisdiction and ordered him to report as guardian.    From this order Alford had the right to appeal to the District Court.

APPEAL from Anderson.    Tried below before Hon. F. A. WILLIAMS. The opinion states the case.

*Greenwood & Greenwood,* for appellants.—An order of the County Court sustaining exceptions to a report or exhibit of a guardian and ordering a guardian to file a new report and account is only an interlocutory order, and is not such an order, decree, or judgment as would authorize an appeal to the District and Supreme Court.    Sayles' Civ. Stats., arts. 1337, 1387, 2201, 2207, 1294, 1404; Lehman v. Gajusky, 75 Texas, 566.

*J. R. Burnett,* for appellee.—The motion to dismiss the appeal was properly overruled.    The judgment of the County Court appealed from was a "decision, order, decree, or judgment" of said court, and was appealable under the statutes.    Rev. Stats., art. 2200; Phelps v. Ashton, 30 Texas, 347; Birdwell v. Kauffman, 25 Texas, 189.

HOBBY, PRESIDING JUDGE, *Section A.*—At the April term, 1890, of the Probate Court of Anderson County, the appellant Mollie Hal-

bert, joined by her husband, filed an application setting forth that Mrs. Halbert was the sole heir of Earle Cravens, a minor, who died in 1880 in Dallas County, intestate, leaving a large estate under the control of appellee George F. Alford, who prior to her death had been appointed by the Probate Court of Anderson County guardian of her estate. It was further averred that said Alford, on his report and application at a previous term of said court representing that certain claims were outstanding against said estate, had been allowed by said court to retain four tracts of land as security for the payment of said claims; that from this order the appellee appealed to the District Court of Anderson County, which court allowed him to retain seven tracts of land for that purpose.

The appellants allege that appellee has sold said land and filed no report as to its disposition; nor has he filed any account for final settlement in this court. There is a prayer for citation requiring appellee to account for the disposition and proceeds of said land, and that he pay over to appellants all sums in excess of any amount adjudged to be due appellee as guardian, etc.

To this appellee Alford answered, substantially, that at the July term, 1880, of the Anderson County Court he was allowed by its order to retain the land mentioned to secure and satisfy judgments held by him in his own right, and also claims of other creditors against the estate of his ward, amounting to $1569.86. It is further alleged by appellee Alford, that after the death of his ward, the said Earle Cravens, in Dallas County, Texas, in 1880, the said claims being still unpaid, he made application to the Probate Court of that county for letters of administration on her estate, which were granted. He states, also, that under proper orders of said court said land was sold to pay said claims, the sale thereof confirmed, and deeds made to the purchasers. The said administration, it is averred, having been assailed by appellants, was declared to be valid, and is now pending; and as the estate of which said Alford was guardian has been withdrawn from Anderson County, he prays for his discharge as such guardian, and for his reasonable expenses in attending this suit, inasmuch as all of the estate of said Earle Cravens, deceased, originally in his hands as guardian, has been withdrawn by lawful orders of the Probate Court of Dallas County and the Supreme Court of the State, and this guardian and the Probate Court of Anderson County, as such, have no further control or jurisdiction over the same.

This answer was excepted to, because it did not show the amount received for the land sold, "and because the Probate Court of Anderson has jurisdiction of this question, and yet its jurisdiction is excepted to by said guardian."

Further replying to the report, the appellants alleged that the lands had been sold for more than enough to pay the claims against the estate

of Earle Cravens, and prayer is made that he be required to report to the Probate Court of Anderson County. That court sustained the exceptions of Halbert and wife to Alford's answer and report, and ordered that said report be stricken out, and that he report under oath by the next term the lands sold of said estate, the amount received therefor, and name of purchaser, etc.; and Alford was taxed with the costs.

Alford prosecuted an appeal to the District Court of Anderson from the above order.

In that court, on May 10, 1890, Halbert and wife moved to dismiss said appeal, because it was from an interlocutory order on a plea to the jurisdiction, and there was no final judgment from which Alford could appeal. This motion was overruled by the court. Judgment was entered in the District Court also to the effect that the decision and order appealed from was erroneous, and it was reversed, and the Probate Court was directed to make an order in lieu thereof overruling Halbert and wife's exceptions to Alford's report and discharging said guardian.

The judgment recited, that it appeared from appellee's report as guardian that he had qualified as administrator of the estate of Earle Cravens, deceased, in the Probate Court of Dallas County, and that said court had jurisdiction of the matters for which the Probate Court of Anderson County required him to account, and is the proper court in which to account for the property left in his hands for the payment of outstanding debts of said estate.

But one question is presented for our decision, and this is raised by the first assignment of error, as follows: "The court erred in overruling appellant's motion to dismiss the appeal of appellee from the interlocutory order of the County Court." The proposition under this assignment is, that "the order of the County Court sustaining exceptions to a report or exhibit of a guardian, and ordering a guardian to file a new report and account, is only an interlocutory order, and is not such an order, decree, or judgment as would authorize an appeal," etc.

It is provided by article 2200 of the Revised Statutes, that "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the County Court, shall have the right to appeal therefrom to the District Court of the county," etc. This statute has been under discussion in many cases, and has been recognized as authority for an appeal from an order of the County Court rejecting the report or account of an administrator and directing him to file another report on a designated basis. Davenport v. Hervey, 30 Texas, 325. The order in this case was of a like character. In a late case it has been construed to apply to such orders, decisions, and judgments as at the end of a term would be held conclusive, as adjudicative of some controverted question or right, unless set aside by an appellate or revisory proceeding. Lehman v. Gajusky, 75 Texas, 567.

The report of appellee Alford contains a recital of the former proceedings had in the matter of the guardianship, giving the description of the tracts of land he was directed to retain for satisfaction of claims against the ward's estate. It sets forth also the proceedings had in the Probate Court of Dallas County in the matter of the administration of the estate of Earle Cravens, she having died in April, 1880, the sale of the land under orders of that court, its confirmation, etc. And the fact that this land constitutes no longer a part of the estate of said Earle Cravens under the control of the guardian, by reason of its being under process of administration as a part of the estate in the hands of the administrator, is assigned as a reason why he should not make the required report.

The effect of Alford's answer was to raise the question of the jurisdiction or power of the Probate Court of Anderson County to require of him as guardian a report as to the disposition of property no longer under his control as guardian, but withdrawn therefrom by the administration proceedings in Dallas County, and the disposition of which he had legally reported to that court.

The order of the Probate Court of Anderson County directing him to make such report was manifestly a decision sustaining its jurisdiction and power in this respect. Whether this order is correct as a legal proposition we are not required to decide, the appellant not insisting upon it, but stating that it "can not be considered in the absence of a statement of facts."

Returning to the order appealed from in this case, we think that whether the court could rightfully exercise this "power and jurisdiction" was a controverted question between appellants and appellees, and the order was conclusive of that issue, unless set aside by some revisory or appellate proceeding.

This case is entirely within the rule announced, or suggested, in Lehman v. Gajusky, supra. In that case the guardian had been discharged by order of the court. Subsequently that order was set aside, and from this latter order he appealed. It was held that it was not such an "order" as was contemplated by the statute. Nothing was adjudicated in that case conclusive as to the parties. Without resort to appellate or revisory proceedings, the issue, or controverted question, whether he should be discharged, remained to be tried. He was not concluded by the order, but could show that he was entitled to his discharge. In the case before us, however, if the guardian does not set aside the order by some appellate proceeding, he is concluded at the end of the term as to the question of the court's jurisdiction over him.

We conclude that there was no error in overruling the appellants' motion to dismiss the appeal from the Probate to the District Court of Anderson County, and we think the judgment should be affirmed.

*Affirmed.*