W. H. THOMAS, ADMINISTRATOR, v. J. R. HAWPE ET AL.

Decided March 27, 1901.

**Probate Court Proceedings—Appeal from Interlocutory Order Approving Account.**

An administrator filed an account, styled his final account, showing a balance of money on hand, which account was approved by the court. He did not ask for a final discharge, and no order to that effect was entered. Afterwards he filed another final account which was contested by the heirs, specifying in their contest objections to items stated in such former account, to which the administrator demurred on the ground that the approval of such account by the court was conclusive as to the items therein. Held, that an appeal would not lie

from the order of the court overruling such demurrer, since it was interlocutory and did not finally adjudicate any contested issue between the parties. Rev. Stats., art. 2255.

Appeal from Dallas.    Tried below before Hon. Richard Morgan.

*R. D. Coughanour* and *John L. Henry,* for appellant.

*W. P. Martin,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—At the May term, 1866, of the County Court of Dallas County, W. H. Thomas was appointed administrator de bonis non of the estate of T. C. Hawpe, deceased, and qualified as such.    On September 6, 1877, said admistrator filed an account, styled his final account, showing the condition of said estate, and that there was remaining in his hands $295.15.    On October 20, 1877, after notice of the filing of said account had been given, the same was approved by the court and duly recorded, but no discharge was asked or granted.

On November 1, 1899, said administrator filed an account, styled his final account and application for discharge, in which he showed that he paid out on established claims the sum of $177.75 since the approval of the last account, and that there is still remaining in his hands the sum of $126.76.

John R. Hawpe and others, claiming to be heirs at law of said decedent, T. C. Hawpe, contest the approval of said account, and resist the discharge of said administrator, setting out 63 specifications of exception thereto.

On May 18, 1900, said administrator filed demurrers to the specifications, because it appears from said specifications and the exhibits thereto attached that the matters and things therein charged have, each and all of them, been disposed of by a final order of the court made and entered at a former term thereof, from which said final order no appeal was taken, and that now said court has no jurisdiction of the subject matter of this controversy so far as the same has been considered and acted upon in said order.

On June 28, 1900, both of said demurrers were overruled by the court, to which ruling the administrator in open court excepted, and perfected his appeal by giving bond to the District Court, where, on October 16, 1900, the demurrers were presented to that court and resulted in an order overruling both of said demurrers, from which order said administrator has prosecuted an appeal to this court.

A preliminary question which suggests itself to this court in this case is, will an appeal lie from the order complained of?

The statute provides that "any person who may consider himself aggrieved by any decision, order, decree, or judgment of the court, or by any order of the judge thereof, may appeal to the district court as a mat-

ter of right, without bond." Sayles' Civ. Stats. (1897), art. 2255. This statute has been construed as having application only to such decisions, orders, or judgments as at the end of the term would be held conclusive as adjudicative of some controverted question or right, unless set aside by some proceeding appellate or revisory in its nature. Lehman v. Gajusky, 75 Texas, 566. This construction was approved in the later case of Halbert v. Alford, 82 Texas, 297.

The order appealed from in this case is not such an order as at the end of the term, if not set aside or appealed from, would be adjudicative of a controverted issue between the parties. The contestants seek to have certain of the items with which the administrator credited himself disallowed, and to have him charged with property for which it is alleged he has failed to account, and that he be required to restate his account. The contestants challenge items embraced in the account filed and approved in 1877 and certain of the items in the account filed in 1899.

The ground of the demurrer is, that the order made in 1877 approving the account then filed is a final order, and the court has no jurisdiction over the subject matter in so far as the same was considered and acted upon in that order. The county court had jurisdiction of this estate. The order overruling the demurrer did not adjudicate any issue between the parties.

If we were to hold that we had jurisdiction, and that the demurrer was properly overruled, then we see no reason why appellant could not present a special demurrer, and, if the same were overruled by the trial court, appeal from that order.

We conclude that the order complained of is interlocutory in its nature, and not such an order, judgment, or decree as may be appealed from. Scott v. Burton, 6 Texas, 323; Linn v. Arambould, 55 Texas, 611; Railway v. Smith, 58 Texas, 76. The appeal will be dismissed.

*Appeal dismissed.*

Application for writ of error dismissed by Supreme Court for want of jurisdiction.