## In re WOODWARD'S ESTATE.

### No. 11679.

Court of Civil Appeals of Texas. Galveston.

Jan. 11, 1945.

Rehearing Denied Feb. 1, 1945.

C. I. McFarlane, W. J. Knight, and Sewall Myer, all of Houston, for appellants.

J. J. Lee, Williams, Lee, Kennerly & Cameron, H. E. Bell, Joyce Cox, and Fountain, Cox, Gaines & Wilcox, all of Houston, for appellees.

GRAVES, Justice.

This appeal by W. B. Barnhill, John F. Dillard, and J. A. Phillips, as independent executors and trustees under the September 30, 1936, will of Mrs. Bessie A. Woodward, deceased, which was probated by the 80th District Court of Harris County on April 6, 1944, is from a judgment of such 80th District Court of date September 20, 1944, sustaining the motion of the appellees herein (E. L. Kelley, Yvonne Kelley, Judson Todd, Loraine Todd, Marilyn McGarry Clark, Russell Clark, H. S. McGarry, G. L. Henson, Austin Martin, Paula Martin, William Martin, Mary Lee McLean and husband, Julian E. McLean, and Burnis Martin) to dismiss the appeal of appellants herein in cause No. 307,250, styled "In the Estate of Bessie A. Woodward, Deceased", wherein they sought revision of an order of the Probate Court of Harris County entered July 18th, 1944, in cause No. 33,262—A, upon the docket thereof styled, "In the Estate of Mrs. Bessie A. Woodward, Deceased".

That order held that these appellants had no right to attack the jurisdiction, power, and authority of such County Court to hear and determine—independently of such prior probation of her 1936 will by the district court—a petition these appellees had filed in such suit No. 33,262—A, seeking to have probated an alleged holographic will of Mrs. Bessie A. Woodward, deceased, dated "between the 18th day of February, 1942, and May 1942".

Appellants duly perfected their appeal from such order of the County Court to the District Court of Harris County, whereupon these appellees filed their motion to dismiss the same, alleging as grounds therefor, in so far as material, this: "As appears on the face of the record filed in this court, the purported appeal attempted to be perfected by defendants in this cause is not from a decision or judgment which is appealable, in that the order attempted to be appealed from, and each of its respective parts, is interlocutory, non-final, and does not finally dispose of any ultimate issue or issues tendered by the pleadings filed."

Thereafter, as indicated supra, on September 20, 1944, the judgment now at bar for revision was entered, in material substance as follows:

"The court heard evidence and argument of counsel with respect both to the motion to dismiss and as to the merits of said appeal; Thereupon, the Court concluding that the aforesaid motion to dismiss herein filed by Petitioners should be in all things sustained, and that the Court is without jurisdiction to pass upon the merits of the appeal.

"It is accordingly ordered that said motion to dismiss is in all things sustained, and that this appeal be and same is hereby dismissed, and the papers thereof be transmitted by the Clerk of this Court to the Clerk of the County Court of Harris County, Texas, together with a certified copy of this decree for observance of said County Court."

As above recited, the appellees had on May 5, 1944, in such separate proceeding, filed by them in the County Court of Harris County, declared upon a holographic will which they alleged Mrs. Woodward had executed "between the 18th day of February, 1942, and May, 1942". But they did not produce the same in court, alleging instead that it had "disappeared and could not be found"

Thereupon, as recited, appellants filed their pleas of abatement to the jurisdiction of the County Court to entertain such application to probate the claimed later holographic will, on the ground that such District Court of Harris County had already so probated Mrs. Woodward's will, and, subject thereto, had alternatively presented their answer to appellees' application for such probate.

It thus appears that the single question this appeal presents is: "Did the District Court err in sustaining appellees' motion to dismiss appellants' appeal to the District Court from the County Court?" In other words, the one question is whether the order of the Probate Court was an appealable one under Articles 3698 and 3699, Vernon's Revised Civil Statutes of Texas.

If it was, the trial court's order holding otherwise was an improvident one.

It seems clear to this court, without extended discussion, that such an order was appealable within the meaning of the two cited statutes, despite its interlocutory character, and that the precise question has been so determined by the only two decisions of our Supreme Court to which this

court has been cited, to-wit: Halbert v. Alford, Tex., 16 S.W. 814, and Halbert v. Alford, 82 Tex. 297, 17 S.W. 595. The second of these Alford cases seems to this court, on analogous facts, to directly hold such an order to be appealable under the predecessor—Article 2200—of present R.S. Art. 3698.

Likewise, while the first one of the Alford cases specifically construed Article 2201 (now 3699), holding that a bond conditioned merely for the performance of "the decree" or "judgment" is broad enough to include also "the decision." and "order" of the court below, it recognizes also that such an order as is here involved is appealable from the County Court to the District Court in reversing and remanding a judgment denying such an appeal because of an erroneous holding that an appeal bond so conditioned in that cause was insufficient.

As indicated, this Court has been cited to no revision nor change of the rules as so laid down by our Supreme Court in the construction of what was the same statute as present Article 3698.

The cases cited by the appellees for a contra holding appear to have dealt in the main, if not wholly, with appeals in other kinds of causes than from judgments of the County or Probate Courts in probate proceedings, and not, as was the one here involved, in a purely probate procedure.

In this class falls one of the principle cases apparently relied upon by appellees, that of Lehman v. Gajewsky, 75 Tex. 566, 12 S.W. 1122, where the order of the County Court appealed from was held to have been in effect nothing more than an order granting a new trial, which it was determined did not lie in County Court cases.

In so construing this statute and differentiating the cases referred to, the Court in the Alford case, 82 Tex. at page 299, 17 S.W. at page 596, had this to say: "It is provided by article 2200 of the Revised Statutes that 'any person who may consider himself aggrieved, by any decision, order, decree,' or judgment of the county court, shall have the right to appeal therefrom to the district court of the county,' etc. This statute has been under discussion in many cases, and has been recognized as authority for an appeal from an order of the county court rejecting the report or account of an administrator, and directing him to file another report on a designated basis. Davenport v. Hervey, 30 Tex. [308], 325. The order in this case was of a like character. In a later case it has been construed to apply to such 'orders, decisions, and judgments as, at the end of a term, would be held conclusive, as adjudicative of some controverted questions or right, unless set aside by an appellate or revisory proceeding. Lehman v. Gajewsky, 75 Tex. [566], 567, 12 S.W. 1122."

If these conclusions be correct, it would be profitless to extend the opinion, since, as the quoted recitals of the judgment under review show, there was nothing else determined by the court below. So that, there is nothing else raised for this court to pass upon; consequently, appellants' motion No. 13186—taken with this case—is to that extent well taken.

Our Supreme Court in the Alford cases makes plain that, whatever may be the rule with reference to appeals in other classes of cases, such appeals under the statute here involved have been recognized without authoritative question from such orders of the probate court as this one was.

The judgment of the trial court will be reversed, and the cause remanded to that court for trial upon the merits.

Reversed and remanded.