E. L. KELLEY ET AL V. W. B. BARNHILL ET AL.

No. A-511. Decided May 9, 1945.
Rehearing overruled June 13, 1945.
(188 S. W., 2d Series, 385.)

*Williams, Lee, Kennerly & Cameron, H. E. Bell, Fountain, Cox, Gaines & Wilcox,* and *Joyce Cox, all* of Houston for petitioners.

It was error for the court of civil appeals to hold that the order was appealable. Bowman v. Williamson, 50 S. W. (2d) 340; Landgraf v. Landgraf, 114 S. W. (2d) 424.

*C. I. McFarlane, W. J. Knight* and *Sewall Myer,* all of Houston, for respondents.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Petitioners filed a petition in the probate court to probate a

will. Respondents attempted to abate the proceeding on the ground that the court had previously probated another will of a prior date by the same testatrix. The trial court overruled the plea in abatement, and respondents, without waiting for a trial on the merits, appealed to the district court from the ruling on such plea. The district court dismissed the appeal on the ground that an appeal would not lie from such a ruling. The Court of Civil Appeals reversed the judgment of the district court, and remanded the cause for trial on the merits. (In re Woodward's Estate) 185 S. W. (2d) 156.

We are of the opinion that the Court of Civil Appeals was in error. Revised Statutes, Article 3698, relating to appeals in probate matters, reads in part as follows:

"Art. 3698. Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter; * *."

Under the above statute, in order to authorize an appeal in a probate matter, it is not necessary that the decision, order decree, or judgment referred to therein be one which fully and finally disposes of the entire probate proceeding. 13 Tex. Jur. 641; Hirshfield v. Davis, 43 Texas 155; Reynolds Mortgage Co. v. Smith, 280 S. W. 879. However, it must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. Halbert v. Alford, 82 Texas 297, 17 S. W. 595. In the case of Lehman v. Gajusky, 75 Texas 566, 12 S. W. 1122, this Court in interpreting the above statute said:

"This statute doubtless has application only to such decisions, orders, or judgments as at the end of a term would be held conclusive as adjudicative of some controverted question or right, unless set aside by some proceeding appellate or revisory in its nature."

Here, the issue or controverted question that was before the probate court, and for which that particular part of the proceeding was brought, was whether or not the purported will should be admitted to probate. The order overruling contestants' plea in abatement did not dispose of that issue and was not conclusive thereof. It was a mere interlocutory order made in the progress of the trial, and was therefore not appealable.

Thomas v. Hawpe (Civ. App.), 62 S. W. 785 (writ refused).

Respondents should have waited until the court had completed the trial on the issue as to whether or not the will should be admitted to probate. Upon the trial of·that issue respondents may be successful, and, if so, there will be no need for them to appeal. If they lose upon a trial on that issue, they will then be in a position to appeal; and if they properly preserve the point, they may raise the question as to the correctness of the ruling of the trial court on the plea in abatement as a part of their appeal.

The ruling attempted to be appealed from was not such a final order as would authorize an appeal therefrom, and consequently the district court property dismissed the appeal.

The holding of this Court in Halbert v. Alford, 82 Texas 297, 17 S. W. 595, relied on by the Court of Civil Appeals, is not in conflict with the rule above announced. In that case an application was filed in the probate court to require a guardian to file a report accounting for the proceeds of certain property previously sold by the guardian. The probate court ordered the guardian to file the report. That order finally disposed of and was conclusive of the issue for which that particular proceeding had been brought, that is, it was conclusive of the issue as to whether or not the guardian should be required to file a report. The order was therefore one from which an appeal would lie.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion delivered May 9, 1945.

Rehearing overruled June 13, 1945.