**HOUSTON BANK & TRUST COMPANY, Guardian, et al., Appellants,**

v.

**Francis M. AUGUSTE et al., Appellees.**

**No. 14828.**

Court of Civil Appeals of Texas.

Houston.

June 23, 1966.

Rehearing Denied Sept. 8, 1966.

Fred W. Moore, Houston, for contestant and appellant Houston Bank & Trust Co., Guardian of estate of Pinkie Taylor, NCM.

Percy Foreman, William W. Kilgarlin, guardian ad litem, Levert J. Able, Miller B. Walker, Jr., Houston, for appellees.

W. Ervin James and Lew W. Harpold, Houston, and Hofheinz & James, Houston, of counsel, for appellants Nettie Taylor Williams, a feme sole, and Mollie Taylor Stevenson and husband.

William W. Kilgarlin, Houston, guardian ad litem for minor petitioners, Susan Auguste, Burt Auguste and Bieryl Williams.

COLEMAN, Justice.

This appeal grew out of an application to probate an instrument alleged to be the will of Burt F. Taylor, Deceased, filed in the Probate Court of Harris County, Texas. Pleadings were filed by collateral relatives resisting the application to probate. The proponents of the will then filed an instrument challenging the right of the Bank, and the other parties resisting probate, to participate in the trial of the matter by filing pleadings or otherwise, alleging that none of them were "interested parties," as that term is defined in the Probate Code, V.A.T.S., and requesting that they be required to prove their interest in a preliminary hearing. It was specifically alleged that one of the proponents, Francis M. Auguste, was the adopted son of the decedent by reason of estoppel; that in absence of a valid will he would inherit all of the decedent's property; and that as collateral kindred those proposing to resist the probate of the will had no interest in the estate and no right under the Probate Code to resist the probate of the will.

Because several parties are represented by counsel in this matter and the pleadings are prolific, we mention only representative pleadings such as may be necessary for an understanding of the questions presented.

The Bank filed a plea to the jurisdiction of the Probate Court on the ground that the court lacked jurisdiction to determine the question of adoption.

The Probate Court heard all the contentions on the same day, sustaining the plea to the jurisdiction, and denying the application for probate of the will. Separate orders were entered. Notices of appeal to the District Court of Harris County were given, and appeal bonds posted, both from the judgment and the order.

The proceedings were forwarded to the 11th District Court of Harris County, Texas, and were given one number and docketed as a single case. Amended pleadings were filed by various parties and the Bank filed a motion to dismiss the appeal from the order of the Probate Court sustaining the plea to its jurisdiction. This motion was granted by the District Court. A motion to reconsider was promptly filed and, after a hearing, the amended order was entered from which this appeal was taken.

At the hearing preliminary to the order in question, the trial court considered several matters, including the motion to reconsider its previous order of dismissal, a motion for judgment on the pleadings, a

motion in limine filed by proponents requesting a separate trial to determine whether contestants have an interest in the estate, and a motion to strike this pleading. The court then held that the order of the Probate Court sustaining the plea to its jurisdiction was an ancillary order and not appealable to the District Court apart from the appeal of the judgment denying the application to probate and dismissed the purported appeal without prejudice to the right of proponents to introduce evidence on the question of adoption in connection with the motion in limine and plea in abatement questioning contestants' standing to appear in opposition to the application for probate of the will for the reason that contestants lacked the requisite interest in the estate of Burt F. Taylor, Deceased. The order required a preliminary trial on this issue before a jury and dealt with other issues not pertinent to this appeal.

We are presently concerned only with proponents' motion to dismiss this appeal for the assigned reason that it is an appeal from an interlocutory order.

The matter of adoption first entered the case in Francis M. Auguste's amended application to probate the will. The petitioner alleged in general terms that he was the only heir of decedent in that he had been adopted by agreement and reared, educated, treated and recognized by deceased as a son and that no children were born to or adopted by deceased after the execution of the will. There was no prayer that he be adjudged the adopted son of the testator, and, as the case then stood, no necessity for adjudication on that issue. This amended application evidently was filed in response to the contest previously filed by Nettie Taylor Williams and Mollie T. Stevenson alleging that they, and certain other named relatives of the testator, but for the purported will, would be entitled to a portion of testator's estate.

The allegations concerning adoption found in the amended application constituted the facts relied on by petitioner as the basis for the motion to dismiss the contest filed by him on the same date. Evidently it was the theory of petitioner that since contestants had alleged facts showing a prima facie interest in the estate, it was his burden to allege matters in rebuttal if he desired to introduce proof of such matters on the hearing to establish contestants' justiciable interest in the controversy. While the inclusion of the allegation concerning adoption might be considered unnecessary in the application to probate, the relationship of petitioner to deceased is an issue which could be decisive on the question of the capacity of contestants to oppose the application to probate. It is unnecessary to determine on this appeal whether evidence of equitable estoppel could be considered at the preliminary hearing ordered by the District Court and we express no opinion on that question.

In Fischer v. Williams, 1960, 160 Tex. 342, 331 S.W.2d 210, the Court said:

"Under Section 28 of the Probate Code, formerly Article 3698, Revised Civil Statutes of Texas, in order to authorize an appeal in a probate matter, it must be an appeal from a decision, order, decree, or judgment which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. See Halbert v. Alford, 82 Tex. 297, 17 S.W. 595. We interpret Section 28, supra, to mean that it has application only to such decisions, orders, or judgments as at the end of a term would be held to have conclusively adjudicated some controverted question or right, unless set aside by some proper appellate or revisory procedure. See Lehman v. Gajewsky, 75 Tex. 566, 12 S.W. 1122. If the motion to dismiss the contest on the ground that contestants had failed to show an interest in the estate had been sustained, the order would have finally disposed of the controverted question involved, and would have been appealable. Since the order overruling respondents' motion to dismiss failed to finally dispose of the controverted issue, it, therefore, amounts to

no more than an interlocutory order, inconclusive in its nature, made in the progress of the trial, and, therefore, not appealable. See Thomas v. Hawpe, 25 Tex.Civ. App. 534, [535] 62 S.W. 785, wr. ref. The trial procedure, as outlined in the case of Kelley v. Barnhill, supra, may be appropriately followed in the instant case."

The judgment of the Probate Court, denying the application to probate the will, entered January 15, 1965, after reciting the appearances and announcements of ready "for the trial of the contest of the alleged will of Burt F. Taylor" on the 5th day of January, 1965, reads:

"This court having taken said plea to the jurisdiction with the case, and having duly considered same in connection with the pleadings, evidence and argument of counsel, has concluded that said plea to the jurisdiction should be granted.

"It is therefore ORDERED that said plea to the jurisdiction filed in connection with the supplemental petition and answer of Houston Bank & Trust Company, Guardian and contestant, objecting to this court hearing the evidence and issues pertaining to said alleged adoption in this proceeding, be and the same is hereby sustained and such claim of adoption as far as this proceeding is concerned is hereby dismissed without prejudice to the right of said Francis Auguste to assert such claim of adoption in the proper court and in the proper manner; this court has no jurisdiction of same in this proceeding and same shall not therefore be considered by this court in this action in connection with the contest of said alleged will filed herein for probate to which action of the court the said Francis Auguste excepted.

"SIGNED this 25th day of January, 1965."

At the time this order was signed the entire proceeding, of which it was a part, had been disposed of by a judgment from which an appeal was subsequently perfected. It would seem that this appeal would carry the entire proceeding to the District Court.

In any event, the order in question did not dispose of the issue or controverted question for which that particular part of the proceeding was brought. It was a ruling incident to the question of whether contestants had such an interest in the estate as to authorize them to appear in opposition to the application for probate. The effect of the order was to deny proponents the right to offer evidence which they contend would show that contestants have no pecuniary interest in the estate even though the will should be denied probate.

The order from which this appeal was taken is an interlocutory order, inconclusive in its nature, made in the progress of the trial, and is, therefore, not appealable. Fischer v. Williams, supra; Kelley v. Barnhill, 144 Tex. 14, 188 S.W.2d 385.

The appeal is dismissed.