Timothy R. POWELL, Appellant,

v.

James J. HARTNETT, Successor Administrator, Appellee.

No. 4771.

Court of Civil Appeals of Texas, Eastland.

March 14, 1975.

Pat F. Beadle, Clarksville, for appellant.

J. Glenn Turner, Jr., Turner, Hitchins, McInerney, Webb & Hartnett, Dallas, for appellee.

BROWN, Justice.

The predecessor of James J. Hartnett, Successor Administrator of the estate of Jerry A. Jackson, Deceased, filed a motion requiring Timothy R. Powell to appear and show cause why he should not be required to deliver certain money in his possession alleged to be the property of the decedent to the administrator of the estate.

Powell contended in his plea in abatement that the monies were subject to the exclusive possession and control of the surviving partner of Jerry A. Jackson and the probate court had no jurisdiction over it. In addition to the general denial in his answer, Powell alleged he was acting on behalf of the Jerry A. Jackson Enterprises, a corporation, in holding the monies.

The court found that prior to his death Jerry A. Jackson owned sixty per cent undivided interest in the Walnut Creek Apartments. Subsequent to Jackson's death, Timothy Powell took into his possession approximately $5,000 from such apartments together with a promissory note in which Jerry A. Jackson is payee. The note represented part of the proceeds of a sale of other apartments.

The court ordered the delivery of the money and the promissory note to James J. Hartnett. Timothy R. Powell appeals.

We order the appeal dismissed because the trial court has not rendered a final appealable judgment.

Our Supreme Court in Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210, 213 (1960), stated:

"Under Section 28 of the Probate Code, formerly Article 3698, Revised Civil Statutes of Texas, in order to authorize an appeal in a probate matter, it must be an appeal from a decision, order, decree, or judgment which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. See Halbert v. Alford, 82 Tex. 297, 17 S.W. 595. We interpret Section 28, supra, to mean that it has application only to such decisions, orders, or judgments as at the end of a term would be held to have conclusively adjudicated some controverted question or right, unless set aside by some proper appellate or revisory procedure. See Lehman v. Gajewsky, 75 Tex. 566, 12 S.W. 1122."

The motion filed in the case at bar prays:

"WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be required to appear and show cause, if any he has, why he should not be required to turn over said monies to the Plaintiff. Plaintiff further prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof, the possession of all the monies above-described be placed with the Plaintiff and that Plaintiff recover possession of all said monies as Administrator of the Estate of JERRY A. JACKSON, Deceased, and that Defendant be required to deliver possession of all of said monies to Plaintiff; and that Plaintiff have his costs of suit, and such other and further relief, both general and special, to which Plaintiff may be justly entitled."

The order recites:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Respondent, Timothy R. Powell, is hereby ordered and directed to deliver to James J. Hartnett, Successor Administrator, within ten (10) days from this date the sum of money in his possession,

representing approximately $5,000.00, which was acquired by the Respondent from the Walnut Creek Apartments as well as a certain promissory note in the principal sum of $29,845.01 of which B. R. Keel is the maker. . . ."

The order does not dispose of the issue of ownership of the money or note, a fact recognized by Powell. It merely places the items under the care and control of the Probate Court until a final determination of ownership be made.

The order from which this appeal was taken is an interlocutory order inconclusive in its nature and is therefore not appealable. Houston Bank & Trust Company v. Auguste, 405 S.W.2d 800 (Tex.Civ.App.— Houston 1966, no writ); Fischer v. Williams, supra; Kelley v. Barnhill, 144 Tex. 14, 188 S.W.2d 385 (1945).

Our disposition of this appeal makes it unnecessary to consider other points of error. The appeal is dismissed.