# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00565-CV

**Myrna K. Sparkman, Appellant**

**v.**

**Roy E. Murray, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
### NO. 26,254, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Myrna Sparkman appeals from the trial court's order granting partial summary judgment in favor of appellee Roy E. Murray, independent executor of the estate of Filomena Murray. The trial court's order denied Sparkman's request to remove Murray as executor on the ground that he failed to collect certain debts owed to the estate. We dismiss this appeal for want of jurisdiction.

## BACKGROUND

This dispute arose from the probate proceeding for the estate of Filomena Murray. Under the terms of Filomena's will, her son, Roy E. Murray, was appointed independent executor

of the estate.[1]  Sparkman, Murray's sister and a beneficiary under the will, filed an application to remove Murray as independent executor on the grounds that he had (1) failed to seek reimbursement for certain debts owed to the estate, (2) failed to obtain adequate insurance for two residences owned by the estate, (3) failed to collect fair market rent in connection with the two residences, and (4) was attempting to sell one of the residences to himself for less than its appraised value, in conflict with his fiduciary obligation to the estate.  Sparkman's allegation regarding debts owed to the estate was based on her claim that Filomena had made certain loans during her lifetime to Murray and two of her other children, Robert Murray and Christine Hood, and that Murray refused to seek repayment of these loans on behalf of the estate.  Sparkman also brought claims against Murray, both individually and in his capacity as independent executor, for breach of fiduciary duty.[2]

In response, Murray filed a motion for summary judgment, asserting that the cash amounts Sparkman claimed to be outstanding loans were actually gifts from Filomena to her children.  Murray further argued that Sparkman had failed to present clear and convincing evidence to rebut the presumption that a transfer of property from a parent to a child represents a gift.

After a hearing, the trial court issued an order titled, "Order Granting Contestant's Partial Motion for Traditional Summary Judgment."  This order denied Sparkman's request to remove Murray as independent executor on the ground that he had failed to seek repayment of debts

---

[1]  To avoid confusion, we will refer to the appellee as "Murray," and will refer to all other individuals sharing the last name "Murray" by their first names.

[2]  Murray is an appellee in this appeal only in his capacity as independent executor of the estate.  Sparkman does not appeal any ruling by the trial court on her claim against Murray individually for breach of fiduciary duty, an issue that will be more fully discussed in connection with our jurisdictional analysis.

owed to the estate, and included an express finding that Sparkman had "failed to rebut the 'presumption of gifts' by clear and convincing evidence" with respect to the funds advanced by Filomena to Murray, Robert, and Hood.  The order also gave Murray ten days to present proof that he had obtained insurance on the residences owned by the estate and to advise the court "of what actions he intends to take regarding the collection of the fair market value of 'rental'" on the residences, or else the court would remove him as executor on its own motion.[3]  Sparkman then filed a notice of appeal from the trial court's order granting partial summary judgment.

**DISCUSSION**

*Jurisdiction*

Because we cannot reach the merits of this appeal in the absence of appellate jurisdiction, we must first address the jurisdictional concerns raised by the nature of the trial court's order.  No party to this appeal argues that the trial court's order was not final and appealable, but we are compelled to raise the issue on our own motion.  *See Buffalo Royalty Corp. v. Enron Corp.*, 906 S.W.2d 275, 277 (Tex. App.—Amarillo 1995, no writ) (identifying courts of appeals' "*sua sponte* obligation to verify our power to act").

The order at issue here is titled, "Order Granting Contestant's Partial Motion for Traditional Summary Judgment," and does not purport to finally dispose of all claims and parties in this probate proceeding.  Generally, with a few statutory exceptions, appeals may be taken only from final judgments that dispose of all pending claims and parties.  *See Lehmann v. Har-Con Corp.*,

---

[3] The record reflects that nine days after the order was issued, Murray filed a letter with the court containing the requested information.

3

39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008) (allowing appeals from certain interlocutory orders); *Stary v. DeBord*, 967 S.W.2d 352, 352 (Tex. 1998) (per curiam) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction.").

Probate proceedings, however, are an exception to the "one final judgment" rule. *See* Tex. Prob. Code Ann. § 4A(c) (West Supp. 2009) ("A final order issued by a probate court is appealable to the court of appeals."); *see also Lehmann*, 39 S.W.3d at 192; *Kelley v. Barnhill*, 188 S.W.2d 385, 386 (Tex. 1945).[4] This exception is based on the fact that a "probate proceeding consists of a continuing series of events, in which the probate court may make decisions at various points in the administration of the estate on which later decisions will be based." *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). As the Texas Supreme Court explained in *Kelley*:

> [I]n order to authorize an appeal in a probate matter, it is not necessary that the decision, order[,] decree, or judgment referred to therein be one which fully and finally disposes of the entire probate proceeding. However, it must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought.

188 S.W.2d at 386. Thus, the trial court's order in this case is final and appealable only if it "finally

---

[4] The instant action was filed prior to the effective date of probate code section 4A(c), but we cite the current version for convenience, as it is substantially similar to its predecessor, probate code section 5(g). *See* Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 105 ("All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals."), *repealed by* Act of May 31, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279.

disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought." *Id.*

The Texas Supreme Court has clarified the rule described in *Kelley* by setting forth the following test for determining whether an order in a probate proceeding is final and appealable:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).

In the present case, there is no relevant rule or statute that declares the type of order at issue here final and appealable, so we must look to the "proceeding of which the order in question may logically be considered a part" and determine whether the order disposes of all issues and parties raised by the relevant pleadings in that proceeding. *Id.* Here, the order can logically be considered a part of the proceeding instituted by Sparkman to seek the removal of Murray as independent executor of the estate. Accordingly, the relevant live pleading is Sparkman's second amended application for removal. As previously discussed, Sparkman's application did not seek removal solely on the ground that Murray failed to collect debts owed to the estate, but also on the grounds that Murray had failed to obtain adequate insurance in connection with residences owned by the estate, failed to collect fair market rent in connection with the residences, and was attempting to sell one of the residences to himself for less than its appraised value. Sparkman's application also raised a number of claims against Murray for breach of fiduciary duty. Other than the allegation regarding

5

debts owed to the estate, the trial court's order leaves all of the issues raised in Sparkman's application unresolved. The trial court and the parties appear to have agreed that the summary judgment would not fully resolve the issues in Sparkman's application, as the following exchange took place during the summary-judgment hearing:

| | |
|---|---|
| THE COURT: | [A]ssuming for the sake of argument that I agree with your client's position or your position in behalf of your client, what remedy [are] you asking of me? |
| MURRAY'S COUNSEL: | We're asking for a Partial Summary Judgment on Ms. Sparkman's claim that money was advanced that were intended to be loans and have to be repaid. |
| | And Your Honor, additionally, we would ask that The Court deny the request by Ms. Sparkman to remove Mr. Murray as the Executor, on the basis that he has not paid back any loans that were given to him, or that he hasn't forced Robert Murray or Christina Hood to also repay back that money. |
| | . . . . |
| THE COURT: | I take it that you're not asserting that that's the only claim that they base their Request for Removal on? There are other— |
| MURRAY'S COUNSEL: | Yes, Your Honor. |
| THE COURT: | —bases. |
| MURRAY'S COUNSEL: | There's pending claims on issues, other issues. |
| THE COURT: | Other issues. Okay. [Sparkman's counsel], do you wish to present anything else, any other case law or anything like that? |
| | . . . . |

6

SPARKMAN'S COUNSEL: I think we have an admission from the party himself saying, "I've got a loan." That is—it's an admission it's a debt. It's certainly enough to present the question to the jury whether it is a gift or a loan.

And we have multiple reasons to remove him, so I'm not a hundred percent—Well—

THE COURT: I mean, I understand that.

This discussion reflects the parties' and the trial court's understandings that the partial summary judgment would resolve only the limited issue of whether Murray should be removed as executor for failure to seek repayment of certain funds advanced by Filomena to her children. Consistent with this understanding, the trial court's order expressly limited its denial of Sparkman's request to the issue of debts owed to the estate. While the trial court's order did allude to Sparkman's allegations related to insurance and rental income for property owned by the estate, it neither granted nor denied Sparkman's request to remove Murray on those grounds. Further, the order makes no mention of Sparkman's claims against Murray for breach of fiduciary duty, her request for damages, including damages resulting from Murray's failure to collect rent on estate property, or her request that Murray be removed on the ground that he was attempting to improperly benefit from his position as executor by selling himself an asset of the estate for an amount less than its appraised value.

While probate proceedings are an exception to the one-final-judgment rule, the order appealed from here does not "dispose of all issues in the phase of the proceeding for which it was brought," and is therefore interlocutory and unappealable. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *see also In re Estate of Willett*, 211 S.W.3d 364, 367 (Tex. App.—San Antonio 2006,

7

no pet.) (holding that partial summary judgment in suit brought by will's beneficiaries was interlocutory and unappealable because it did not dispose of all issues raised in beneficiaries' petition). Accordingly, we must dismiss this appeal for want of jurisdiction.[5]

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:  October 29, 2010

_____

[5] We note that an interlocutory order can be appealed by agreement of the parties and the trial court, or may be made final by a severance order if it meets the severance criteria. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West 2008); *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) ("A severance order avoids ambiguities regarding whether the matter is appealable."). The record in this appeal does not contain a severance order or an order complying with civil practice and remedies code section 51.014(d).