# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00837-CV

**Patricia Caroom and Douglas Caroom, Appellants**

**v.**

**Nancy Coleman, Independent Executor of the Estate of Lorene H. Massengale, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CV33,389, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Nancy Coleman, Independent Executor of the Estate of Lorene H. Massengale, has filed a motion to dismiss this appeal for lack of jurisdiction. Patricia and Douglas Caroom each filed separate notices of appeal from the trial court's order granting partial summary judgment in favor of Coleman, removing Douglas as independent executor of the estate of Herbert Massengale, and disqualifying Patricia as successor independent executor of the estate of Herbert Massengale. Coleman contends that this Court lacks jurisdiction over the appeal because the trial court's order does not dispose of all parties and issues raised in this stage of the proceedings and therefore is not final and appealable.

Generally, appeals may be taken only from final judgments and certain interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008) (allowing appeals from certain interlocutory orders); *Stary v. DeBord*, 967 S.W.2d 352, 352 (Tex. 1998) (per curiam). Probate proceedings, however, are an exception to the "one final judgment" rule. *See* Tex. Prob.

Code Ann. § 4A(c) (West Supp. 2010); *see also Lehmann*, 39 S.W.3d at 192; *Kelley v. Barnhill*, 188 S.W.2d 385, 386 (Tex. 1945). This exception is based on the fact that a "probate proceeding consists of a continuing series of events, in which the probate court may make decisions at various points in the administration of the estate on which later decisions will be based." *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). As the Texas Supreme Court explained in *Kelley*:

> [I]n order to authorize an appeal in a probate matter, it is not necessary that the decision, order[,] decree, or judgment referred to therein be one which fully and finally disposes of the entire probate proceeding. However, it must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought.

188 S.W.2d at 386. The supreme court has clarified the rule described in *Kelley* by setting forth the following test for determining whether an order in a probate proceeding is final and appealable:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).[1]

---

[1] Prior to the supreme court's opinion in *Crowson*, courts had applied a "substantial right" test to determine whether probate orders were appealable. *See Crowson v. Wakeham*, 897 S.W.2d 779, 782 (Tex. 1995); *see also Estate of Wright*, 676 S.W.2d 161, 163 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.) ("[A]n order is appealable if it finally adjudicates some *substantial right*. Whereas, on the other hand, if it merely leads to further hearings on the same issue, it is interlocutory."). The supreme court made clear in *Crowson*, however, that while adjudication of a substantial right is "one of the factors for determining whether a probate order is appealable," the order must also "dispose of all issues in the phase of the proceeding for which it was brought." 897 S.W.2d at 783. Applying this analysis, the supreme court determined that the trial court's order

Because there is no relevant rule or statute declaring the type of order at issue here final and appealable, we must look to the "proceeding of which the order in question may logically be considered a part" and determine whether the order disposes of all issues and parties raised by the relevant pleadings in that proceeding. *Id.* The trial court's order granting partial summary judgment may logically be considered a part of the removal proceeding initiated by Coleman. Coleman's live pleading in the removal proceeding is her third amended petition, which requested removal of Douglas Caroom as independent executor, disqualification of Patricia Caroom as successor independent executor, and appointment of Robert Massengale as administrator. *See* Tex. Prob. Code Ann. § 223 (West 2003) (providing for appointment of successor representative if further administration of estate is necessary after removal of executor). Coleman also sought attorney's fees related to the removal action and the disgorgement of executor commissions paid to Douglas Caroom. *See id.* § 245 (West Supp. 2010) (providing for award of attorney's fees when personal representative is removed for cause).

In her motion for partial summary judgment, Coleman sought only the removal of Douglas Caroom and the disqualification of Patricia Caroom. Under a section of the motion titled, "Matters Reserved," Coleman stated that she wished to reserve her requests for attorney's fees and appointment of Robert Massengale as administrator, with those matters to "be heard in a separate hearing after the current motion has been heard."[2] The trial court granted Coleman's motion, issuing

granting partial summary judgment was not final and appealable because it determined only the appellant's heirship rights, leaving the heirship rights of a number of intervenors unresolved. *See id.* at 782-83 ("While it is true that the determination that Crowson was not the common law wife adjudicated her substantial right because she had no other basis to claim as an heir, it also left pending all the other heirship rights of the intervenors.").

[2] At the time her motion for partial summary judgment was filed, Coleman's live pleading was her second amended petition, which did not include the request for disgorgement of executor's

3

an order removing Douglas Caroom as independent executor and disqualifying Patricia Caroom as successor independent executor. The trial court's order expressly states that a "successor independent executor will be appointed by the court at a subsequent hearing." The order does not address attorney's fees.

Reviewing the relevant pleadings and the relief granted in the trial court's order, we conclude that the order granting partial summary judgment does not dispose of all issues in this particular phase of the probate proceeding. Coleman's requests related to attorney's fees, disgorgement of executor commissions, and appointment of an administrator remain pending and unresolved. Because the order does not dispose of all issues raised by Coleman in the removal proceeding, it is interlocutory. *See Crowson*, 897 S.W.2d at 783. Accordingly, we lack jurisdiction over this appeal. We grant Coleman's motion and dismiss the appeal for lack of jurisdiction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   July 22, 2011

---

commissions. Coleman amended her pleadings to request disgorgement a few days after the trial court granted partial summary judgment. Coleman's third amended petition also added a request that Douglas Caroom be ordered to reimburse the estate for his attorney's fees and costs incurred in defense of the removal action, based on a finding that he did not defend the action in good faith. *See* Tex. Prob. Code Ann. § 149(C)(c) (West Supp. 2010) (providing that independent executor "who defends an action for his removal in good faith," is entitled to payment of his attorney's fees and costs out of the estate).

4