

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00187-CV

## IN THE ESTATE OF
## WILLIAM REESE WYNN, SR., DECEASED

**From the County Court
Limestone County, Texas
Trial Court No. 9043**

## DISSENTING OPINION TO ORDER

We messed up. It is a pretty simple concept. It is relatively easy to fix if we are willing to acknowledge that we are not perfect. Having identified the error and acknowledging our mistake, I would fix the problem rather than suffer through a harsh fix which avoids acknowledging it.

This proceeding is currently docketed as a single appeal from an estate proceeding. It should be more than one appeal because it is from an estate proceeding. The appellant tried to help us. The appellant filed two separate notices of appeal. But for some reason we erroneously docketed it as only a single appeal.

Estate proceedings are special for many reasons. There are a lot of things that happen during the course of an estate proceeding. In some ways, an estate proceeding is like building something tangible, like a house. The different steps have to be done in a certain order. The foundation has to be built before it is framed. It has to be framed before you can put a roof on it. Some steps require prefatory work before they can later be completed. You cannot install a toilet unless plumbing preparations were made for a source of water and a drain. Thus, every phase is not totally independent but there are completion points for each discrete phase of the construction. A problem in one phase can cause everything that follows thereafter to be wrong. Because of that simple concept, special rules have been developed with regard to estate proceedings. This process has not been easy to implement, and there have been inconsistencies in its implementation. The inconsistencies make its application more difficult.

Some of the phases for an estate proceeding include, but are not limited to, admitting the will to probate, the appointment of a representative, a determination of the meaning of a will, a determination of the heirs or beneficiaries, an inventory and appraisement of the property subject to administration, distribution of estate property, and the closing of the estate. Some of these phases always require participation in the judicial system while, depending on the type of estate administration, some do not. But when the judicial system is involved and a discrete phase of the administration of an estate is brought to a close by judicial action, a judicial determination, the question becomes whether that judicial determination is an order or judgment that can be immediately appealed or is it the type of action that must await some other event or

decision before it can be appealed. Trying to resolve that question has been an issue in many appeals.

The general provision regulating appeals previously stated, "(f) All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." TEX. PROBATE CODE § 5(f) (Repealed 2009). The provision was amended and now appears in the Estates Code. It provides, "(c) A final order issued by a probate court is appealable to the court of appeals." TEX. ESTATES CODE § 32.001(c). Notwithstanding the legislature's efforts over the years to codify which probate court orders were immediately appealable, the implementation of the statute has not been uniform or consistent.

The Supreme Court of Texas tried to bring uniformity to this area of the law by establishing a test for when an order brought the phase of a probate proceeding to a conclusion sufficiently to support an appeal. *Crowson v. Wakeham*, 897 S.W.2d 779 (Tex. 1995). The Court first reviewed a bit of the history of the problem:

> The court of appeals correctly noted that the probate statutes create special rules for what is appealable in probate cases. As we have explained:
>
>> In order to authorize an appeal in a probate matter, it is not necessary that the decision, order, decree, or judgment referred to therein be one which fully and finally disposes of the entire probate proceeding. However, it must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding is brought. . . . This statute doubtless has application only to such decisions, orders or judgments as at the end of a term would be held conclusive as adjudicative of some controverted question or right, unless set aside by some proceeding appellate or revisory in its nature. [Citations omitted.]

*Kelley v. Barnhill*, 144 Tex. 14, 188 S.W.2d 385, 386 (Tex. 1945) (interpreting the predecessor to TEX. PROBATE CODE § 5(f)).  We subsequently wrote:

> We interpret [former Probate Code § 28, recodified as § 5(e)] to mean that it has application only to such decisions, orders or judgments as at the end of a term would be held to have conclusively adjudicated some controverted question or right, unless set aside by some proper appellate or revisory procedure. [Citation omitted.] If the motion to dismiss the contest on the ground that contestants had failed to show an interest in the estate had been sustained, the order would have finally disposed of the controverted question involved, and would have been appealable. Since the order overruling respondents' motion to dismiss failed to finally dispose of the controverted issue, it, therefore, amounts to no more than an interlocutory order, inclusive in its nature made in the progress of the trial, and, therefore not appealable.

*Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210, 213-14 (Tex. 1960).  Both decisions leave much unanswered about how broad or narrow the "issue" must be to constitute an appealable portion of the proceeding.  We have also, on occasion, stated the standard to be that all issues of law and fact between the parties involved have been resolved.  *See Stevens v. Douglass*, 505 S.W.2d 532 (Tex. 1974) (order denying application of second testatrix and reinstating first testatrix); *see also Halbert v. Alford*, 82 Tex. 297, 17 S.W. 595 (Tex. 1891) (order rejecting the report or account of an estate administrator and directing him to file another report on a stated basis appealable); *Lehman v. Gajewsky*, 75 Tex. 566, 12 S.W. 1122 (Tex. 1890) (order setting aside the discharge of a guardian is similar to grant of motion for new trial and not appealable).

*Crowson v. Wakeham*, 897 S.W.2d 779, 781-782 (Tex. 1995).

In an effort to provide guidance in this area, the Supreme Court stated:

Because of the potential confusion, we adopt the following test for probate appeals. If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory. For

appellate purposes, it may be made final by a severance order, if it meets the severance criteria, as did the order in the present case. In setting this standard, we are mindful of our policy to avoid constructions that defeat bona fide attempts to appeal. *See Mackie v. McKenzie*, 890 S.W.2d 807 (Tex. 1994); *McRoberts v. Ryals*, 863 S.W.2d 450, 454-55 (Tex. 1993). A severance order avoids ambiguities regarding whether the matter is appealable. Litigants can and should seek a severance order either with the judgment disposing of one party or group or parties, or seek severance as quickly as practicable after the judgment.

*Crowson*, 897 S.W.2d at 783.

But due to the ability to plead many claims in a single pleading, the consistent application of the "new standard" has proven as elusive as the "old" standard. Indeed, the Supreme Court subsequently acknowledged the difficulty, stating:

Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id*. at 192. The need to review "controlling, intermediate decisions before an error can harm later phases of the proceeding" has been held to justify this rule. *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). Not every interlocutory order in a probate case is appealable, however, and determining whether an otherwise interlocutory probate order is final enough to qualify for appeal, has proved difficult.

*Brittingham-Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2009)

***

Eleven years ago, we attempted to clarify appellate jurisdiction in this complex area. *See Crowson v. Wakeham*, 897 S.W.2d 779, 783, 38 Tex. Sup. Ct. J. 600 (Tex. 1995) (acknowledging that "our language heretofore has been somewhat ambiguous"). We noted that, while adjudication of a "substantial right" was one factor to be considered, equally important was our earlier precedent requiring that the order dispose of all issues in the phase of the proceeding for which it was brought. *Id*. at 782-83.

*Id*.

In *Ayala*, the Supreme Court ultimately held that the order attempting to be

appealed was interlocutory because it did not dispose of an independent claim, one that could be severed or brought as an independent claim, and because it "did not dispose of all parties or issues in a particular phase of the proceedings." *Id* at 579.

Applying these concepts to this proceeding, it is easy to see that what we actually should have is three separate appeals. The appellants contested the probate of their father's purported will. The appellants challenged the extent of the property disposed of by the purported will. The appellants challenged the application of the *in terrorem* clause to their specific bequest made in the purported will. Each of these three claims could have been brought separately. Each deals with an entirely different phase of the probate proceeding: 1. Is it Father's will; 2. What does it dispose of; and 3. Did the appellants forfeit the bequest made to them in it?

The first claim is to determine whether the document purported to be Father's will is entitled to probate as Father's will. The second claim is to determine what property was disposed of by the document determined to be the will in the first phase. Clearly, the parties do not get to phase two if the document is not determined to be Father's will in phase one. The third claim is that the litigation in phase one and phase two did not trigger the *in terrorem* clause resulting in the forfeiture of specific bequest to the appellants. And again, the parties do not get to phase three if the document is not determined to be Father's will in phase one. And there is also the separate really complicated question in phase three of whether if phase one is unsuccessful for the appellants but phase two is successful, is the *in terrorem* clause triggered?

There was a summary judgment filed in an effort to dispose of each of these three phases. There are three orders, one granting each of the three summary judgment motions. We were provided a notice of appeal for two of the orders which happened to be rendered on the same date in May and also a notice of appeal for the separate order ultimately rendered on the third motion in July.

We erroneously docketed the July notice of appeal as part of the appeal that was already pending. But that is not the only error we made. The May notice of appeal should have been docketed as two separate appeals. Combining or consolidating these proceedings will be burdensome and time consuming on the parties and this Court. As a simple example, we have the present situation. The parties have fully briefed the issues on the first two phases in this appeal. The appellants' brief is 350 pages including the appendix. And now, the Court is going to let them add to it. With all due respect, that is unnecessarily burdensome to everyone, particularly since we do not even reach phase two or three if the appellants are successful on their challenge to the validity of the purported will in phase one.

Obviously, I would not grant the pending motion. I would not deny it either. I would sever this appeal into the three appeals that we should have docketed and order the appeal of phase one—is it Father's will—to be separately briefed while ordering the appeals of phase two and three stayed until the appeal of phase one was completed. Accordingly, while granting the motion to allow all the issues to be briefed is closer to correct than denying it if we do not otherwise properly docket the separate appeals, I am left with having to dissent to the order granting the motion to allow additional briefing

in this appeal as currently docketed.

TOM GRAY<br>Chief Justice

Dissenting opinion to order delivered and filed February 2, 2024
Publish

